Electronically Filed - St Louis County - July 05, 2016 - 03:53 PM

## NOTICE AND ACKNOWLEDGMENT FOR SERVICE BY MAIL

### IN THE STATE OF MISSOURI
### TWENTY-FIRST JUDICIAL CIRCUIT – ST. LOUIS COUNTY

| | | |
|---|---|---|
| RICHARD HERSHEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| *vs.* | ) | |
| | ) | Cause No. 16SL-CC01581 |
| | ) | |
| THE CURATORS OF THE | ) | Div. 11 |
| UNIVERSITY OF MISSOURI, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### NOTICE

TO: Paul Maguffee

The enclosed summons and petition are served pursuant to Missouri Supreme Court Rule 54.16.

You may sign and date the acknowledgment part of this form and return one copy of the completed form to the sender within thirty days of __6/17/2016__ .

If you are served on behalf of a corporation, unincorporated association, including a partnership, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within thirty days, you or the party on whose behalf you are being served may be required to pay any expenses incurred in serving a summons and petition in any other manner permitted by law.

If you do complete and return this form, you or the party on whose behalf you are being served must comply with the requirements of the summons. If you fail to do so, judgment by default may be taken against you for the relief demanded in the petition.

Electronically Filed - St Louis County - July 05, 2016 - 03:53 PM

I DECLARE, UNDER PENALTY OF PERJURY, THAT THIS NOTICE WAS MAILED ON

_____6/17/2016_____.

*Robert Herman*

Robert Herman

**ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND PETITION** ✳

I declare, under penalty of filing a false affidavit, that I received a copy of the Summons and of the Petition in the above captioned matter.

*Paul R. Maguffee*

Paul Maguffee

_ Counsel to All Named Defendants _ *except Defendant John Doe*

Relationship to Entity/Authority

Receive Service of Process

_6/30/16_

Date Signed

✳ For all defendants except John Doe



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ELLEN LEVY SIWAK | Case Number:  16SL-CC01581 |
| Plaintiff/Petitioner:<br>RICHARD HERSHEY | Plaintiff's/Petitioner's Attorney/Address<br>ROBERT HERMAN<br>SUITE 201<br>8820 LADUE ROAD<br>ST. LOUIS, MO  63124 |
| vs. | |
| Defendant/Respondent:<br> THE CURATORS OF THE UNIVERSITY OF<br>MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  **THOMAS F GEORGE**
  **Alias:**

**401 WOODS HALL**
**ONE UNIVERSITY BLVD**
**ST. LOUIS, MO  63121-4499**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

<u>29-JUN-2016</u>
**Date**

**Further Information:**
**JB**

_____ Clerk

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*     Subscribed and sworn to before me on _____ (date).

My commission expires: _____     _____
                                              Date                                         Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI

### Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.  These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN LEVY SIWAK | Case Number:  16SL-CC01581 |
|---|---|
| Plaintiff/Petitioner:<br>RICHARD HERSHEY | Plaintiff's/Petitioner's Attorney/Address<br>ROBERT HERMAN<br>SUITE 201<br>8820 LADUE ROAD<br>ST. LOUIS, MO 63124 |
| vs. | |
| Defendant/Respondent:<br>THE CURATORS OF THE UNIVERSITY OF MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  BENARD DIGGS
Alias:

U OF M ST. LOUIS
218 MILLENNIUM STUDENT CENTER
ONE UNIVERSITY BLVD
ST. LOUIS, MO 63121

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>29-JUN-2016</u>
Date

Further Information:
JB

_____ /Clerk

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

_____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date          Notary Public

| Sheriff's Fees, if applicable | | | | | |
|---|---|---|---|---|---|
| Summons | $_____ | | | | |
| Non Est | $_____ | | | | |
| Sheriff's Deputy Salary | | | | | |
| Supplemental Surcharge | $____10.00____ | | | | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) | | | |
| Total | $_____ | | | | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

### Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.  These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - June 28, 2016 - 03:15 PM

## IN THE STATE OF MISSOURI
## TWENTY-FIRST JUDICIAL CIRCUIT – ST. LOUIS COUNTY

RICHARD HERSHEY,                     )
                                     )
    Plaintiff,   )
vs.                                  )
                                     )  Cause No. 16SL-CCO1581
THE CURATORS OF THE                  )
UNIVERSITY OF MISSOURI, et al.,      )  Division 11
                                     )
    Defendants.   )
_____)

### REQUEST FOR ISSUANCE OF SUMMONS

   Pursuant to Rule 54.01, Plaintiff requests that this Court issue a summons for each of the two following named Defendants and provide the summonses to counsel for Plaintiff, so that they may be served by mail:

**Thomas F. George, Chancellor**   **Benard Diggs, Director**
University of Missouri – St. Louis    Office of MSC Operations
401 Woods Hall         University of Missouri – St. Louis
One University Blvd.       218 Millennium Student Center
St. Louis, MO 63121       One University Blvd.
               St. Louis, MO 63121

Respectfully submitted,

**SCHWARTZ, HERMAN & DAVIDSON**

By:   /s/  Robert Herman
    Robert Herman, Bar No. 32376MO
    8820 Ladue Road, Suite 201
    St. Louis, Missouri 63124
    Ph:  (314) 862-0200
    Fx: (314) 862-3050
    bherman@laduelaw.com
    *Attorney for Plaintiff, Richard Hershey*

Electronically Filed - St Louis County - June 28, 2016 - 03:15 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on  June 28, 2016  , a true and correct copy of the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system.

By:   /s/  Robert Herman

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

**IN THE STATE OF MISSOURI**
**TWENTY-FIRST JUDICIAL CIRCUIT – ST. LOUIS COUNTY**

RICHARD HERSHEY,                           )
                                           )
           Plaintiff,                      )
vs.                                        )
                                           )     Cause No. 16SL-CCO1581
THE CURATORS OF THE                        )
UNIVERSITY OF MISSOURI,                    )     Division 11
                                           )
                                           )
MICHAEL A. MIDDLETON,                      )
Interim President, University of Missouri, )
in his official capacity,                  )
                                           )
                                           )
DR. HENRY C. FOLEY,                        )
Interim Chancellor, University             )
of Missouri-Columbia,                      )
in his official capacity,                  )
                                           )
                                           )
THOMAS F. GEORGE, Chancellor               )
University of Missouri, St. Louis,         )
in his official capacity,                  )
                                           )
                                           )
DONALD L. CUPPS,                           )
Member of the University                   )
of Missouri Board of                       )
Curators, in his official capacity,        )
                                           )
                                           )
MAURICE B. GRAHAM,                         )
Member of the University                   )
of Missouri Board of                       )
Curators, in his official capacity,        )
                                           )
                                           )
PAMELA Q. HENDRICKSON,                     )     **LEAVE GRANTED:**
Member of the University                   )

*ellenlevysiwak*
Judge Ellen Levy Siwak          Division 11
June 17, 2016

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

of Missouri Board of                                    )
Curators, in her official capacity,                     )
                                                        )
                                                        )
JOHN R. PHILLIPS,                                       )
Member of the University                                )
of Missouri Board of Curators,                          )
in his official capacity,                               )
                                                        )
                                                        )
PHILLIP H. SNOWDEN,                                     )
Member of the University of Missouri                    )
Board of Curators, in his official capacity,            )
                                                        )
                                                        )
DAVID L. STEELMAN,                                      )
Member of the University                                )
of Missouri Board of                                    )
Curators, in his official capacity,                     )
                                                        )
                                                        )
NATHAN SANCHEZ,                                         )
Police Officer for the University of                    )
Missouri – Columbia Police Department,                  )
in his individual capacity,                             )
                                                        )
                                                        )
JACOB CLIFFORD                                          )
Police Officer for the University of                    )
Missouri – Columbia Police Department,                  )
in his individual capacity,                             )
                                                        )
                                                        )
BUDDY ANLIKER,                                          )
Police Officer for the University                       )
of Missouri – Columbia Police Department,               )
in his individual capacity,                             )
                                                        )
                                                        )
JOHN DOE,                                               )
Police Officer for the University                       )
of Missouri – Columbia Police Department,               )
in his individual capacity,                             )

2

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

and,                                          )
                                              )
BENARD DIGGS, Director                        )
Office of MSC Operations for the              )
University of Missouri – St. Louis,           )
in his individual capacity,                   )
                                              )
        Defendants.                           )
_____)

### FIRST AMENDED PETITION

### CIVIL RIGHTS ACTION FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF FOR VIOLATION OF THE CAMPUS FREE EXPRESSION ACT, MO. REV. STAT. §173.1550; AND VIOLATION OF THE FIRST, FOURTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, 42 U.S.C. §1983

### Preliminary Statement

1.      This is a civil rights action for acts taking place on the St. Louis and

Columbia campuses of the University of Missouri (the University) in which Plaintiff

Richard Hershey seeks relief for violation of the Campus Free Expression Act, Mo. Rev.

Stat. §173.1550 (2015), and for violation of the First, Fourth, and Fourteenth

Amendments to the United States Constitution pursuant to 42 U.S.C. §1983.  Plaintiff

seeks declaratory and injunctive relief, compensatory and statutory damages, an award of

costs and attorney's fees, and such further relief as this Court deems just and fair.

### Jurisdiction

2.      This Court has jurisdiction over claims brought under the Missouri Campus

Free Expression Act, Mo. Rev. Stat. §173.1550, as a court of "competent jurisdiction" to

3

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

hear civil actions between Missouri residents regarding state law. *Id.* This Court has jurisdiction to order declaratory relief under Mo. Rev. Stat. §527.010.

3.      This Court has personal jurisdiction over the individual parties because all individual parties are residents of the state of Missouri. This Court has jurisdiction over The Curators of the University of Missouri (the legal name of the University, *see* Mo. Rev. Stat. §172.020), because the Campus Free Expression Act (CFEA) provides for a private cause of action against Missouri public institutions of learning, such as the University, by persons whose "expressive rights were violated through a violation of" the CFEA.

4.      This Court has concurrent jurisdiction with the federal court over Hershey's claim under 42 U.S.C. §1983, for violation of the federal constitution. *See Shapiro v. Columbia Union Nat'l Bank & Trust Co.*, 576 S.W.2d 310, 316 (Mo. banc 1978).

## Venue

5.      Venue is proper in this Court because Hershey resides in St. Louis County, all defendants reside in the State of Missouri, Defendants Maurice B. Graham and, upon information and belief, Chancellor Thomas F. George, reside in St. Louis County, the St. Louis campus of the University of Missouri is in St. Louis County, and some of the acts alleged occurred in St. Louis County. Mo. Rev. Stat. §508.010.

## Parties

6.      Hershey is a citizen of the United States and a resident of St. Louis County in the state of Missouri.

4

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

7.     Defendant The Curators of the University of Missouri is the corporate name of the state university known as The University of Missouri, which has campuses in Columbia, St. Louis, Kansas City, and Rolla, Missouri.  *See* Mo. Rev. Stat. §172.020

8.     Defendant Michael A. Middleton is the Interim President of the University of Missouri system and at all relevant times acted under color of law in the course and scope of his duties as a duly appointed and acting policymaker, officer, servant, employee, and agent of the University.  President Middleton is named in his official capacity.

9.     Defendant Dr. Henry C. Foley is the Interim Chancellor of the University of Missouri – Columbia campus, and at all relevant times acted under color of law in the course and scope of his duties as a duly appointed and acting policymaker, officer, servant, employee, and agent the University.  Chancellor Foley is named in his official capacity.

10.     Defendant Thomas F. George is the Chancellor of the University of Missouri – St. Louis campus, and at all relevant times acted under color of law in the course and scope of his duties as a duly appointed and acting policymaker, officer, servant, employee and agent of the University.  Chancellor George is named in his official capacity.

11.     Donald L. Cupps, Maurice B. Graham, Pamela Q. Hendrickson, John R. Phillips, Phillip H. Snowden, and David L. Steelman are members of the University Board of Curators and were acting under color of law in the course and scope of their duties as duly appointed and acting policymakers, officers, servants, and agents of the

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

University.  Defendants Cupps, Graham, Hendrickson, Phillips, Snowden, and Steelman are named in their official capacities and are referred to collectively as the Board of Curators.

12.     Defendant Nathan Sanchez was at all relevant times employed as a police officer for the University on the Columbia campus and was acting under color of state law in the course and scope of his duties as an agent and employee of the University. Officer Sanchez is named in his individual capacity.

13.     Defendant Jacob Clifford was at all relevant times employed as a police officer for the University on the Columbia campus and was acting under color of state law in the course and scope of his duties as an agent and employee of the University. Officer Clifford is named in his individual capacity.

14.     Defendant Buddy Anliker was at all relevant times employed as a police officer for the University on the Columbia campus and was acting under color of state law in the course and scope of his duties as an agent and employee of the University. Officer Anliker is named in his individual capacity.

15.     Defendant John Doe was at all relevant times employed as a police officer for the University on the Columbia campus and was acting under color of state law in the course and scope of his duties as an agent and employee of the University.  Officer Doe is named in his individual capacity.

16.     Defendant Benard Diggs was at all relevant times employed as Director of the Office of MSC Operations for the University on the St. Louis campus and was acting

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

under color of state law in the course and scope of his duties as an agent and employee of the University.  Director Diggs is named in his individual capacity.

## Facts in Common to All Counts

### Hershey's Arrest for Distribution of Literature

17.     Hershey is a vegetarian advocate whose ethical beliefs compel him to share his message, which he does by distributing free, noncommercial literature, for which he is compensated by various not-for-profit advocacy organizations.

18.     On February 17, 2016, Hershey was lawfully on the public sidewalk at 900 Virginia Avenue on the Columbia campus of the University for the purpose of distributing free, noncommercial, educational booklets in support of Hershey's strongly held vegetarian beliefs, for which he was compensated by a not-for-profit advocacy organization.

19.     Virginia Avenue and its adjacent sidewalks, including the areas where Hershey was distributing his literature, are outdoor areas of the Columbia campus and contiguous to and indistinguishable from Columbia city streets and therefore traditional public fora.

20.     At no time while Hershey was on the Columbia campus to distribute literature on February 17, did he ever create a disturbance, interfere with pedestrian or other traffic, violate any law, or disrupt the functioning of the University.

21.     The University dining hall "Plaza 900" is located at 900 Virginia Avenue, and was open for business during Hershey's entire presence outdoors at 900 Virginia Avenue.

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

22.     Shortly after Hershey began to distribute his literature, Officer Sanchez approached him and requested a copy of Hershey's booklet, which Hershey gave him.

23.     After reviewing the booklet, Officer Sanchez, arbitrarily, in retaliation based on the content of the booklet, and in violation of the clearly established protections of the CFEA and the First Amendment, advised Hershey that he was prohibited from distributing his booklets on the sidewalk at 900 Virginia Avenue.

24.     Hershey asserted his right to remain and continue to peaceably distribute his literature outdoors on the sidewalk at 900 Virginia Avenue.

25.     Officer Sanchez then arrested Hershey and handcuffed Hershey behind his back for approximately forty-five minutes.

26.     Officer Sanchez's handcuffing of Hershey caused him physical injuries that required medical treatment.

27.     During Hershey's entire interaction with Officer Sanchez, Hershey was entirely peaceable and never resisted arrest, an arrest that Hershey knew to be unlawful.

28.     Officer Sanchez then searched Hershey's person without Hershey's consent and without cause, probable cause or reasonable suspicion that a crime had been or was about to be committed.

29.     Officer Sanchez then confined Hershey in the rear seat of a University Police vehicle, forcing Hershey to remain in an awkward and uncomfortable position bent forward while handcuffed behind his back while sitting on a rigid bench seat without any seat cushions for approximately thirty minutes.

8

Electronically Filed - St. Louis County - June 09, 2016 - 01:54 PM

30.     Officer Sanchez issued a citation to Hershey for trespassing first degree at 900 Virginia Avenue, which was an entirely false allegation, and the charge was refused by the Columbia Prosecuting Attorney.  Copy of trespassing citation attached and marked Exhibit 1.

31.     Officer Sanchez told Hershey that he was banned from the Columbia campus for one year and that Hershey would be arrested if he returned to campus within one year.

32.     Hershey has not returned to the Columbia campus of the University since February 17, 2016.

33.     Officer Clifford was present and acquiesced to and joined with Officer Sanchez in arresting, detaining, handcuffing, searching, holding, charging, and injuring Plaintiff without cause, probable cause, or reasonable suspicion that a crime had been or was about to be committed.

**Prior Interference with Hershey's First Amendment rights**

34.     Hershey has also distributed free, noncommercial, literature in support of his strongly held vegetarian beliefs at tables at events held on the St. Louis campus of the University, for which distribution he was compensated by not-for-profit advocacy organizations.

35.     The St. Louis campus charges for tables, and Director Diggs has arbitrarily, and based on the content and viewpoint of Hershey's literature, charged him more than other groups:  In the spring of 2010 and continuing each semester thereafter until the spring of 2014, Director Diggs charged Hershey $100 for a table but charged the

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

St. Louis Animal Rights Team $50.  Copy of receipt attached and marked Exhibit 2.  In May, 2014, Director Diggs charged Hershey $200 for a table but charged for-profit organization Joyce Manufacturing $125.

36.     Prior to the violations of February 17, 2016, Columbia campus police had interfered with and prevented Hershey from distributing literature.

37.     On April 26 and September 1 of 2011, Plaintiff was lawfully on the city public sidewalk along Hitt Street on the Columbia campus of the University for the purpose of distributing free, noncommercial, educational booklets in support of his strongly held vegetarian beliefs, for which distribution he was compensated by not-for-profit advocacy organizations.

38.     Hitt Street and its adjacent sidewalks, including the areas where Hershey was distributing his literature, are either Columbia city streets and sidewalks or contiguous to and indistinguishable from Columbia city streets and sidewalks, and therefore are traditional public fora.

39.     At no time on April 26, 2011 or September 1, 2011, did Hershey ever create a disturbance or interfere with pedestrian or other traffic or violate any law or interfere with University operations.

40.     On April 26, 2011, shortly after Hershey began to distribute booklets, Officer Anliker approached him and asked to see a copy of the booklets that Hershey was distributing.

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

41.     After reviewing the booklet, Officer Anliker arbitrarily, and in response to the content in the booklet, advised Hershey that he was prohibited from distributing the booklets on the sidewalk along Hitt Street.

42.     Fearful of arrest, Hershey immediately complied with the directive to cease handing out his booklets, even though Hershey knew the directive was unlawful.

43.     Officer Anliker then ordered Hershey to vacate the area, stating "Sooner or later there will be a complaint."

44.     Fearful of arrest, Hershey immediately complied with the directive to vacate the area without further distributing his literature, even though Hershey knew that directive too was unlawful.

45.     Hershey subsequently filed two formal complaints with the University Columbia campus police via online complaint processes on and before May 5, 2011. Copy of one of the complaints attached and marked Exhibit 3.

46.     The University campus police replied to the complaints, telling Hershey that the Columbia campus police would train its department regarding free speech on sidewalks along Columbia city streets.

47.     On September 1, 2011, Plaintiff Hershey was again lawfully on the city public sidewalk along Hitt Street on the Columbia campus of the University for the purpose of distributing free, noncommercial, educational booklets in support of his strongly held vegetarian beliefs, for which distribution he was compensated by nonprofit advocacy groups.

11

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

48.     Shortly after Hershey began to distribute booklets on September 1, 2011, Hershey was approached by Officer Doe, who asked to see a copy of Hershey's booklets.

49.     After reviewing the booklet, the officer arbitrarily, and in response to the content of the booklet, told Hershey that he was prohibited from distributing his booklets on the sidewalk along Hitt Street.

50.     Additional campus police arrived in their vehicles and, along with the first officer, remained in close proximity to Hershey for approximately thirty minutes.

51.     The heavy police presence during that time interfered with Hershey's lawful activities by deterring students from accepting Hershey's booklets

52.     Hershey made a complaint to the Columbia campus police about Officer Doe and about the campus police failing to train its officers regarding free speech on sidewalks along Columbia city streets, as it had said it would do in response to Hershey's earlier online complaints.  Copy of the complaint attached and marked Exhibit 4.

53.     Campus police failed to respond to Hershey's complaint about the September 1, 2011, incident.

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

## COUNT I

### VIOLATION OF THE CAMPUS FREE EXPRESSION ACT
### ON FEBRUARY 17, 2016

54.     Hershey incorporates as if fully set out paragraphs 1-53.

55.     The Campus Free Expression Act, which became effective on August 28, 2015, prevents Missouri public institutions of higher education from restricting the freedom of expression of the public.  *See* Mo. Rev. Stat. §173.1550 (2015).

56.     The University of Missouri is a public institution of higher education.

57.     Under the CFEA, §173.1550.2, "the outdoor areas of campuses of public institutions of higher education in this state shall be deemed traditional public forums."

58.      In a "traditional public forum," restrictions on speech are "sharply circumscribed." *Perry Educ. Ass'n v. Perry Local Educators Ass'n*, 460 U.S. 37, 45 (1983).  Content-based restrictions are prohibited absent a showing that they are "necessary to serve a compelling state interest and … narrowly drawn to achieve that end," and even content-neutral time, place, and manner restrictions must be "narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication."  *Id.*; *see* Mo. Rev. Stat. §172.1550.2.

59.     The CFEA further directs that "[a]ny person who wishes to engage in noncommercial expressive activity on campus shall be permitted to do so freely, as long as the person's conduct is not unlawful and does not materially and substantially disrupt the functioning of the institution."  Mo. Rev. Stat. §172.1550.3.

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

60.     The CFEA specifically names the "distribution of literature" as one of the "[e]xpressive activities protected under [its] provisions."  Mo. Rev. Stat. §172.1550.1.

61.     Defendants The Curators of the University of Missouri, Chancellor Foley, President Middleton, the Board of Curators, and Officers Sanchez and Clifford, violated Hershey's rights under the CFEA in the following respects:

A.     By preventing Hershey from freely engaging in noncommercial expressive activity by distributing literature in an outdoor area of the campus as protected by the CFEA.  Mo. Rev. Stat. §172.1550.

B.     By arresting, handcuffing, searching, confining, and injuring Hershey without cause, probable cause, or reasonable suspicion, in response to and in retaliation for Hershey engaging in one of the "[e]xpressive activities" specifically "protected under [the CFEA's] provisions," namely, the "distribution of literature."  Mo. Rev. Stat. §172.1550.1.

C.     By issuing a trespassing citation to Hershey and stating that he was banned from the Columbia campus of the University for one year and threatening him with arrest if he returned to the campus during the year, in response to and in retaliation for Hershey engaging noncommercial expressive activity specifically protected by the CFEA, namely, "distribution of literature."  Mo. Rev. Stat. §172.1550.1.

62.     Section 173.1550.5 provides for an award to Hershey of compensatory damages, costs and attorney fees as redress for the violation of his protected rights.

14

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

63.     Section 173.1550.6 provides that if the court finds that an individual's expressive rights were violated through a violation of the CFEA, "the court shall award the aggrieved persons," such as Hershey, "no less than five hundred dollars for the initial violation, plus fifty dollars for each day the violation remains ongoing."

64.     As a proximate cause of the violations of the CFEA by Defendants The Curators of the University of Missouri, Chancellor Foley, President Middleton, the Board of Curators, and Officers Sanchez and Clifford, Hershey was damaged in the following respects:

A.     Personal and psychological injuries.

B.     Denial of his right of expression under the CFEA and First Amendment to the United States Constitution.

C.     Denial of his Fourth Amendment right to be free from unlawful arrest, search, seizure, and excessive force.

D.     Embarrassment and humiliation.

E.     Lost wages

F.     Medical expenses.

G.     Pain and suffering

**WHEREFORE,** Plaintiff Hershey prays for judgment against Defendants The Curators of the University of Missouri, President Middleton, Chancellor Foley, the Board of Curators, Defendant Officers Sanchez and Clifford for compensatory damages for physical and emotional injuries, medical expenses, pain and suffering, embarrassment, humiliation, and lost wages, for statutory damages of at least at $500 for the first day of

15

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

each violation, February 17, 2016, and at least $50 for each day that each violation is ongoing, and, in addition, for at least $50 for each day since February 17, 2016, that Hershey is banned from the University, for attorney's fees, and costs, and for such other and further relief that the court deems just and proper.

Hershey further requests a declaratory judgment finding that the CFEA protects Plaintiff's right to engage in peaceable distribution of noncommercial leaflets in outdoor areas of all University of Missouri campuses and injunctive relief under §173.1550.5, enjoining the Curators of the University of Missouri and all of the Defendants from interfering with Hershey's right to freely engage in noncommercial expressive activity as protected by the CFEA and First Amendment, including but not limited to distribution of literature, on all of its campuses, and any other declaratory or injunctive relief that the court deems just and proper.

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

## COUNT II

### VIOLATION OF THE CAMPUS FREE EXPRESSION ACT
### --UNLAWFUL UNIVERSITY POLICIES

65.     Hershey incorporates as if fully set out paragraphs 1-64.

66.     For the last nine years, Hershey has regularly distributed free, noncommercial literature in support of his strongly held vegetarian beliefs, on the St. Louis campus of the University, for which he has been compensated by various non-profit advocacy groups.

67.     Hershey has been required to obtain a permit before distributing literature on the St. Louis campus.  Hershey desires to and intends to continue to distribute his noncommercial literature on the St. Louis campus.

68.      Hershey also has distributed his free noncommercial literature on the Columbia campus of the University, for which distribution he is compensated by various not-for-profit advocacy organizations.  Hershey desires to resume distributing noncommercial literature on the Columbia campus.

69.     Because Hershey has distributed and attempted to distribute literature on University campuses and he intends to continue to do so, he has been and is affected by University regulations that unlawfully restrict his right to free expression under the CFEA and the First Amendment.  He therefore has standing to challenge those regulations.

70.     The Board of Curators, pursuant to Mo. Rev. Stat. §172.100, adopted a regulation governing the use of University facilities and equipment, Univ. Mo. Reg.

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

§110.010.  A copy of Univ. Mo. Reg. §110.010 is attached and marked Exhibit 5, and that regulation remains in effect and is published on the University website.

71.      Section 110.010 of the University's regulations violates the CFEA as follows:

A. Subsection 110.010.B(1) requires individuals "not connected with the University," such as Hershey, to obtain written permission of the Chancellor to "use" the buildings or grounds, and thus violates Hershey's rights under the CFEA by:

1.      Imposing a prior restraint by requiring permission and giving unfettered discretion to a decision maker to determine whether to allow "use" of the campus grounds which is forbidden on public fora.  *See Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750, 757-760 (1988).

2.      Failing to comply with the CFEA requirement that any time, place, and manner restriction provide "clear, published, content, and viewpoint-neutral criteria," provide "ample alternative means of expression," and serve a "significant institutional interest."  Mo. Rev. Stat. §173.1550.2.

3.      Failing to comply with the CFEA directive that "[a]ny person who wishes to engage in noncommercial expressive activity on campus be permitted to do so freely," Mo. Rev. Stat. §173.1550.3.

B. Subsection 110.010.B(2) requires that "[w]ritten permits … be secured in advance from the Chancellor" for temporary use of the University

18

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

grounds for purposes other than regularly schedule classroom work and thus violates Hershey's rights under the CFEA by:

     1.    Imposing a prior restraint by requiring a permit and giving unfettered discretion to a decision maker to determine whether to allow "use" of the campus grounds which is forbidden on public fora. *See Lakewood*, 486 U.S. at 757-760.

     2.    Failing to comply with the CFEA requirement that any time, place, and manner restriction provide "clear, published, content, and viewpoint-neutral criteria," provide "ample alternative means of expression," and serve a "significant institutional interest."   Mo. Rev. Stat. §173.1550.2.

     3.    Failing to comply with the CFEA directive that "[a]ny person who wishes to engage in noncommercial expressive activity on campus be permitted to do so freely," Mo. Rev. Stat. 173.1550.3.

  C. Subsection 110.010.E(3), provides that members of the public, such as Hershey, "who are on University property without specific permission or authorization or without an appropriate purpose may be deemed guilty of trespass." A person "shall be deemed to be 'without specific permission or authorization' from and after such time as they are asked to leave the property." *Id.* Under the provision, a person "shall be deemed to be on University property 'without an appropriate purpose' whenever their presence is not reasonably related to the University's educational function, or an

19

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

approved University related extracurricular activity." *Id.* The provision thus violates Hershey's rights under the CFEA by:

      1.    Granting unfettered discretion to an unnamed person to impose punishment on Hershey and others for exercising rights under the CFEA, by deeming them guilty of trespass, which encourages and causes University employees to engage in the type of conduct perpetrated against Hershey when he attempted to exercise his rights under the CFEA on the Columbia campus on February 17, 2016.

      2.    Prohibiting, or severely restricting, the access of Hershey and other non-University persons to a traditional public forum.

      3.    Imposing a purpose and content requirement in a traditional public forum by requiring the presence of non-university persons to be "reasonably related to the University's educational function."

72.    Subsections 110.010.B(1) & (B)(2) violate Hershey's rights under the CFEA by imposing a prior restraint on his expression and giving unfettered discretion to a decision maker to determine whether to allow him to "use" the campus grounds. Subsection 110.010.E(5) violates Hershey's right to "freely" distribute literature in the outdoor areas of the University campuses, imposes a content requirement on his expression, and chills the exercise of his rights of expression under the CFEA by placing him in jeopardy of being found guilty of trespass and being forcibly removed simply by being present on University property.

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

73.     By maintaining, publishing, and enforcing Univ. Mo. Reg. §110.010.B(1) & (B)(2) and §110.010.E(3)  after the effective date of the CFEA, August 28, 2015, Defendants The Curators of the University of Missouri, the Board of Curators, President Middleton, and Chancellors Foley and George, violated and continue to violate the CFEA.

74.     Section 173.1550.5 provides for an award to Hershey of compensatory damages, costs and attorney fees to redress violations of Hershey's protected rights.

75.     Section 173.1550.6 provides that the court shall award "no less than $500 for the initial violation and $50 per day for each additional day that the University is in violation of the CFEA."

76.     As a proximate cause of Defendants The Curators of the University of Missouri, the Board of Curators, President Middleton, and Chancellors Foley and George, Hershey was damaged in the following respects:

A. Denial of his right of expression under the CFEA and First Amendment to the United States Constitution.

B. Lost wages.

C. Denial of his Fourth Amendment right to be free from unlawful arrest, search, seizure, and excessive force.

D. Embarrassment and humiliation.

E. Personal and psychological injuries.

F. Pain and suffering.

G. Medical bills.

21

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

**WHEREFORE,** Plaintiff Richard Hershey prays for judgment against Defendants The Curators of the University of Missouri, President Middleton, Chancellors Foley and George, and the Board of Curators for damages for violation of his rights under the CFEA and the First Amendment, personal and psychological injuries, embarrassment and humiliation, lost wages, medical bills, pain and suffering and other compensatory damages and statutory damages in an amount of at least $500 for the first day of each violation, August 28, 2015, and at least $50 for each day that each violative policy remains in effect, for attorney's fees, costs, and such other relief that the court deems just and proper.

Hershey further requests a declaratory judgment stating that Univ. Mo. Reg. §110.010.B(1) & (2) and §110.010.E(3) are void and have no force and effect, and an injunction under §173.1550.5, enjoining The Curators of the University of Missouri, President Middleton, Chancellors Foley and George, and the Board of Curators from continuing to publish and enforce Univ. Mo. Reg. §110.010.B(1)&(2) and §110.010.E(3), and for such further declaratory and injunctive relief that the court deems just and proper.

Electronically Filed - St. Louis County - June 09, 2016 - 01:54 PM

## COUNT III

### CLAIM FOR VIOLATION OF THE FIRST, FOURTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. 1983.

77.     Hershey incorporates as if fully set out paragraphs 1-76 above.

78.     Prior to, and continuing after, passage of the CFEA, Hershey had a right under the First and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. 1983, to distribute literature on the public sidewalks on the Columbia campus of the University, including along Hitt Street and at 900 Virginia Avenue because such areas were and are public fora that forbid restrictions or permit only limited restrictions on expression under the First Amendment.

79.     The conduct of Officers Sanchez and Clifford on February 17, 2016, violated Hershey's clearly established right to freedom of expression under the First and Fourteenth Amendments to the United States Constitution by interfering with and preventing him from exercising his right of speech by distributing literature and retaliating against him for exercising and attempting to exercise his First Amendment rights by arresting him, searching him, detaining him, confining him, handcuffing him, and injuring him, all without probable cause or reasonable suspicion that a crime had been or was about to be committed.

80.     The conduct of Officers Sanchez and Clifford on February 17, 2016, violated Plaintiff Hershey's clearly established right to be free from unlawful search and seizure under the Fourth and Fourteenth Amendments by arresting him, searching him,

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

detaining him, confining him, handcuffing him, and injuring him, all without probable cause or reasonable suspicion that a crime had been or was about to be committed.

81.　The conduct of Officer Anliker on April 26, 2011, and Officer Doe on September 1, 2011, violated Hershey's clearly established right to freedom of expression under the First and Fourteenth Amendments to the United States Constitution by interfering with and preventing him from exercising his First Amendment right of speech by distributing literature.

82.　The conduct of Director Diggs at the St. Louis campus of the University in charging a lower table rate to others distributing literature than to Hershey violated his clearly established right of expression under the First and Fourteenth Amendments by discriminating against his expression on the basis of content and viewpoint, which eventually discouraged him from renting a table to distribute literature.

83.　Defendants President Middleton, Chancellors Foley and George, and The Board of Curators interfered with Hershey's exercise of his First Amendment rights by official policy, by regulations, by unofficial policy, by failure to have a policy, or by acquiescence in the arbitrary and capricious denial of Hershey's rights by University officials acting under color of state law in their official capacities as police officers of the Columbia campus of the University.

84.　As a proximate cause of Officers Sanchez and Clifford's violations of the First, Fourth, and Fourteenth Amendments on February 17, 2016, Hershey was damaged in the following respects:

A.　Personal and psychological injuries

24

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

    B.      Denial of his right of expression under the First Amendment to the United States Constitution.

    C.      Denial of his Fourth Amendment right to be free from unlawful arrest, search, seizure, and excessive force.

    D.      Embarrassment and humiliation.

    E.      Lost wages

    F.      Medical expenses.

    G.      Pain and suffering

    85.     As a proximate cause of Officers Anliker and Doe's violations of the First Amendment in 2011, Hershey was damaged in the following respects:

    A.      Denial of his right of expression under the First Amendment to the United States Constitution.

    B.      Embarrassment and humiliation.

    C.      Lost wages

    86.     As a proximate cause of Defendant Diggs violations of Hershey's First Amendment rights, Hershey has been damaged in the following respects:

    A.      Excessive fees

    B.      Lost wages

    **WHEREFORE,** Plaintiff Richard Hershey prays for judgment against Defendant Officers Sanchez and Clifford in their individual capacities for damages for physical and emotional injury, pain and suffering, humiliation, embarrassment, lost wages, medical bills, and other damages; for judgment against Officers Anliker and Doe

for damages for emotional injury, humiliation, embarrassment, lost wages, and other damages; for judgment against Officers Sanchez, Clifford, Anliker, and Doe for costs and attorney's fees under 42 U.S.C. 1988, and for such other and further relief as this court deems just and proper.

In addition, Hershey requests a declaratory judgment and injunctive relief against Defendants President Middleton, Chancellor Foley, Chancellor George, and the Board of Curators, all in their official capacities, finding that the First and Fourteenth Amendments protect Plaintiff's right to engage in peaceable distribution of noncommercial leaflets in public areas of all University of Missouri campuses, including Columbia and St. Louis, that the First and Fourth Amendment protects Plaintiff's right of access to indoor areas made available for expressive activities without content or viewpoint discrimination, and enjoining these defendants from interfering with Hershey's exercise of his First Amendment rights, for costs and attorney's fees pursuant to 42 U.S.C. § 1988, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SCHWARTZ, HERMAN & DAVIDSON**

By    /s/ Robert Herman
        Robert Herman, Bar No. 32376MO
        8830 Ladue Road, Suite 201
        St. Louis, Missouri 63124
        Ph. 314/862-0200
        Fax  314/862-3050
        Email  bherman@laduelaw.com
        *Attorney for Plaintiff, Richard Hershey*

26

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on  June 9, 2016 , the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system.

By:  /s/  Robert Herman

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

# IN THE STATE OF MISSOURI
## TWENTY-FIRST JUDICIAL CIRCUIT – ST. LOUIS COUNTY

RICHARD HERSHEY,                       )
                                       )
        Plaintiff,               )
vs.                                    )
                                       )    Cause No. 16SL-CCO1581
THE CURATORS OF THE                    )
UNIVERSITY OF MISSOURI,                )    Division 11
                                       )
                                       )
MICHAEL A. MIDDLETON,                  )
Interim President, University of Missouri, )
in his official capacity,              )
                                       )
                                       )
DR. HENRY C. FOLEY,                    )
Interim Chancellor, University         )
of Missouri-Columbia,                  )
in his official capacity,              )
                                       )
                                       )
THOMAS F. GEORGE, Chancellor           )
University of Missouri, St. Louis,      )
in his official capacity,              )
                                       )
                                       )
DONALD L. CUPPS,                       )
Member of the University               )
of Missouri Board of                   )
Curators, in his official capacity,    )
                                       )
                                       )
MAURICE B. GRAHAM,                     )
Member of the University               )
of Missouri Board of                   )
Curators, in his official capacity,    )
                                       )
                                       )
PAMELA Q. HENDRICKSON,                 )
Member of the University               )

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

| | |
|---|---|
| of Missouri Board of<br>Curators, in her official capacity, | )<br>)<br>) |
| JOHN R. PHILLIPS,<br>Member of the University<br>of Missouri Board of Curators,<br>in his official capacity, | )<br>)<br>)<br>)<br>) |
| PHILLIP H. SNOWDEN,<br>Member of the University of Missouri<br>Board of Curators, in his official capacity, | )<br>)<br>)<br>) |
| DAVID L. STEELMAN,<br>Member of the University<br>of Missouri Board of<br>Curators, in his official capacity, | )<br>)<br>)<br>)<br>) |
| NATHAN SANCHEZ,<br>Police Officer for the University of<br>Missouri – Columbia Police Department,<br>in his individual capacity, | )<br>)<br>)<br>)<br>) |
| JACOB CLIFFORD<br>Police Officer for the University of<br>Missouri – Columbia Police Department,<br>in his individual capacity, | )<br>)<br>)<br>)<br>) |
| BUDDY ANLIKER,<br>Police Officer for the University<br>of Missouri – Columbia Police Department,<br>in his individual capacity, | )<br>)<br>)<br>)<br>) |
| JOHN DOE,<br>Police Officer for the University<br>of Missouri – Columbia Police Department,<br>in his individual capacity, | )<br>)<br>)<br>) |

2

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

and,                                      )
                                          )
BENARD DIGGS, Director                    )
Office of MSC Operations for the          )
University of Missouri – St. Louis,       )
in his individual capacity,               )
                                          )
     Defendants.                          )
_____)

## FIRST AMENDED PETITION

### CIVIL RIGHTS ACTION FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF FOR VIOLATION OF THE CAMPUS FREE EXPRESSION ACT, MO. REV. STAT. §173.1550; AND VIOLATION OF THE FIRST, FOURTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, 42 U.S.C. §1983

### Preliminary Statement

1.    This is a civil rights action for acts taking place on the St. Louis and Columbia campuses of the University of Missouri (the University) in which Plaintiff Richard Hershey seeks relief for violation of the Campus Free Expression Act, Mo. Rev. Stat. §173.1550 (2015), and for violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. §1983.  Plaintiff seeks declaratory and injunctive relief, compensatory and statutory damages, an award of costs and attorney's fees, and such further relief as this Court deems just and fair.

### Jurisdiction

2.    This Court has jurisdiction over claims brought under the Missouri Campus Free Expression Act, Mo. Rev. Stat. §173.1550, as a court of "competent jurisdiction" to

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

hear civil actions between Missouri residents regarding state law. *Id.* This Court has jurisdiction to order declaratory relief under Mo. Rev. Stat. §527.010.

3.     This Court has personal jurisdiction over the individual parties because all individual parties are residents of the state of Missouri. This Court has jurisdiction over The Curators of the University of Missouri (the legal name of the University, *see* Mo. Rev. Stat. §172.020), because the Campus Free Expression Act (CFEA) provides for a private cause of action against Missouri public institutions of learning, such as the University, by persons whose "expressive rights were violated through a violation of" the CFEA.

4.     This Court has concurrent jurisdiction with the federal court over Hershey's claim under 42 U.S.C. §1983, for violation of the federal constitution. *See Shapiro v. Columbia Union Nat'l Bank & Trust Co.*, 576 S.W.2d 310, 316 (Mo. banc 1978).

## Venue

5.     Venue is proper in this Court because Hershey resides in St. Louis County, all defendants reside in the State of Missouri, Defendants Maurice B. Graham and, upon information and belief, Chancellor Thomas F. George, reside in St. Louis County, the St. Louis campus of the University of Missouri is in St. Louis County, and some of the acts alleged occurred in St. Louis County. Mo. Rev. Stat. §508.010.

## Parties

6.     Hershey is a citizen of the United States and a resident of St. Louis County in the state of Missouri.

4

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

7.     Defendant The Curators of the University of Missouri is the corporate name of the state university known as The University of Missouri, which has campuses in Columbia, St. Louis, Kansas City, and Rolla, Missouri.  *See* Mo. Rev. Stat. §172.020

8.     Defendant Michael A. Middleton is the Interim President of the University of Missouri system and at all relevant times acted under color of law in the course and scope of his duties as a duly appointed and acting policymaker, officer, servant, employee, and agent of the University.  President Middleton is named in his official capacity.

9.     Defendant Dr. Henry C. Foley is the Interim Chancellor of the University of Missouri – Columbia campus, and at all relevant times acted under color of law in the course and scope of his duties as a duly appointed and acting policymaker, officer, servant, employee, and agent the University.  Chancellor Foley is named in his official capacity.

10.     Defendant Thomas F. George is the Chancellor of the University of Missouri – St. Louis campus, and at all relevant times acted under color of law in the course and scope of his duties as a duly appointed and acting policymaker, officer, servant, employee and agent of the University.  Chancellor George is named in his official capacity.

11.     Donald L. Cupps, Maurice B. Graham, Pamela Q. Hendrickson, John R. Phillips, Phillip H. Snowden, and David L. Steelman are members of the University Board of Curators and were acting under color of law in the course and scope of their duties as duly appointed and acting policymakers, officers, servants, and agents of the

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

University.  Defendants Cupps, Graham, Hendrickson, Phillips, Snowden, and Steelman are named in their official capacities and are referred to collectively as the Board of Curators.

12.    Defendant Nathan Sanchez was at all relevant times employed as a police officer for the University on the Columbia campus and was acting under color of state law in the course and scope of his duties as an agent and employee of the University. Officer Sanchez is named in his individual capacity.

13.    Defendant Jacob Clifford was at all relevant times employed as a police officer for the University on the Columbia campus and was acting under color of state law in the course and scope of his duties as an agent and employee of the University. Officer Clifford is named in his individual capacity.

14.    Defendant Buddy Anliker was at all relevant times employed as a police officer for the University on the Columbia campus and was acting under color of state law in the course and scope of his duties as an agent and employee of the University. Officer Anliker is named in his individual capacity.

15.    Defendant John Doe was at all relevant times employed as a police officer for the University on the Columbia campus and was acting under color of state law in the course and scope of his duties as an agent and employee of the University.  Officer Doe is named in his individual capacity.

16.    Defendant Benard Diggs was at all relevant times employed as Director of the Office of MSC Operations for the University on the St. Louis campus and was acting

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

under color of state law in the course and scope of his duties as an agent and employee of the University.  Director Diggs is named in his individual capacity.

## Facts in Common to All Counts

### Hershey's Arrest for Distribution of Literature

17.     Hershey is a vegetarian advocate whose ethical beliefs compel him to share his message, which he does by distributing free, noncommercial literature, for which he is compensated by various not-for-profit advocacy organizations.

18.     On February 17, 2016, Hershey was lawfully on the public sidewalk at 900 Virginia Avenue on the Columbia campus of the University for the purpose of distributing free, noncommercial, educational booklets in support of Hershey's strongly held vegetarian beliefs, for which he was compensated by a not-for-profit advocacy organization.

19.     Virginia Avenue and its adjacent sidewalks, including the areas where Hershey was distributing his literature, are outdoor areas of the Columbia campus and contiguous to and indistinguishable from Columbia city streets and therefore traditional public fora.

20.     At no time while Hershey was on the Columbia campus to distribute literature on February 17, did he ever create a disturbance, interfere with pedestrian or other traffic, violate any law, or disrupt the functioning of the University.

21.     The University dining hall "Plaza 900" is located at 900 Virginia Avenue, and was open for business during Hershey's entire presence outdoors at 900 Virginia Avenue.

7

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

22.     Shortly after Hershey began to distribute his literature, Officer Sanchez approached him and requested a copy of Hershey's booklet, which Hershey gave him.

23.     After reviewing the booklet, Officer Sanchez, arbitrarily, in retaliation based on the content of the booklet, and in violation of the clearly established protections of the CFEA and the First Amendment, advised Hershey that he was prohibited from distributing his booklets on the sidewalk at 900 Virginia Avenue.

24.     Hershey asserted his right to remain and continue to peaceably distribute his literature outdoors on the sidewalk at 900 Virginia Avenue.

25.     Officer Sanchez then arrested Hershey and handcuffed Hershey behind his back for approximately forty-five minutes.

26.     Officer Sanchez's handcuffing of Hershey caused him physical injuries that required medical treatment.

27.     During Hershey's entire interaction with Officer Sanchez, Hershey was entirely peaceable and never resisted arrest, an arrest that Hershey knew to be unlawful.

28.     Officer Sanchez then searched Hershey's person without Hershey's consent and without cause, probable cause or reasonable suspicion that a crime had been or was about to be committed.

29.     Officer Sanchez then confined Hershey in the rear seat of a University Police vehicle, forcing Hershey to remain in an awkward and uncomfortable position bent forward while handcuffed behind his back while sitting on a rigid bench seat without any seat cushions for approximately thirty minutes.

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

30.    Officer Sanchez issued a citation to Hershey for trespassing first degree at 900 Virginia Avenue, which was an entirely false allegation, and the charge was refused by the Columbia Prosecuting Attorney.  Copy of trespassing citation attached and marked Exhibit 1.

31.    Officer Sanchez told Hershey that he was banned from the Columbia campus for one year and that Hershey would be arrested if he returned to campus within one year.

32.    Hershey has not returned to the Columbia campus of the University since February 17, 2016.

33.    Officer Clifford was present and acquiesced to and joined with Officer Sanchez in arresting, detaining, handcuffing, searching, holding, charging, and injuring Plaintiff without cause, probable cause, or reasonable suspicion that a crime had been or was about to be committed.

**Prior Interference with Hershey's First Amendment rights**

34.    Hershey has also distributed free, noncommercial, literature in support of his strongly held vegetarian beliefs at tables at events held on the St. Louis campus of the University, for which distribution he was compensated by not-for-profit advocacy organizations.

35.    The St. Louis campus charges for tables, and Director Diggs has arbitrarily, and based on the content and viewpoint of Hershey's literature, charged him more than other groups:  In the spring of 2010 and continuing each semester thereafter until the spring of 2014, Director Diggs charged Hershey $100 for a table but charged the

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

St. Louis Animal Rights Team $50.  Copy of receipt attached and marked Exhibit 2.  In May, 2014, Director Diggs charged Hershey $200 for a table but charged for-profit organization Joyce Manufacturing $125.

36.    Prior to the violations of February 17, 2016, Columbia campus police had interfered with and prevented Hershey from distributing literature.

37.    On April 26 and September 1 of 2011, Plaintiff was lawfully on the city public sidewalk along Hitt Street on the Columbia campus of the University for the purpose of distributing free, noncommercial, educational booklets in support of his strongly held vegetarian beliefs, for which distribution he was compensated by not-for-profit advocacy organizations.

38.    Hitt Street and its adjacent sidewalks, including the areas where Hershey was distributing his literature, are either Columbia city streets and sidewalks or contiguous to and indistinguishable from Columbia city streets and sidewalks, and therefore are traditional public fora.

39.    At no time on April 26, 2011 or September 1, 2011, did Hershey ever create a disturbance or interfere with pedestrian or other traffic or violate any law or interfere with University operations.

40.    On April 26, 2011, shortly after Hershey began to distribute booklets, Officer Anliker approached him and asked to see a copy of the booklets that Hershey was distributing.

10

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

41.     After reviewing the booklet, Officer Anliker arbitrarily, and in response to the content in the booklet, advised Hershey that he was prohibited from distributing the booklets on the sidewalk along Hitt Street.

42.     Fearful of arrest, Hershey immediately complied with the directive to cease handing out his booklets, even though Hershey knew the directive was unlawful.

43.     Officer Anliker then ordered Hershey to vacate the area, stating "Sooner or later there will be a complaint."

44.     Fearful of arrest, Hershey immediately complied with the directive to vacate the area without further distributing his literature, even though Hershey knew that directive too was unlawful.

45.     Hershey subsequently filed two formal complaints with the University Columbia campus police via online complaint processes on and before May 5, 2011. Copy of one of the complaints attached and marked Exhibit 3.

46.     The University campus police replied to the complaints, telling Hershey that the Columbia campus police would train its department regarding free speech on sidewalks along Columbia city streets.

47.     On September 1, 2011, Plaintiff Hershey was again lawfully on the city public sidewalk along Hitt Street on the Columbia campus of the University for the purpose of distributing free, noncommercial, educational booklets in support of his strongly held vegetarian beliefs, for which distribution he was compensated by nonprofit advocacy groups.

11

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

48.     Shortly after Hershey began to distribute booklets on September 1, 2011, Hershey was approached by Officer Doe, who asked to see a copy of Hershey's booklets.

49.     After reviewing the booklet, the officer arbitrarily, and in response to the content of the booklet, told Hershey that he was prohibited from distributing his booklets on the sidewalk along Hitt Street.

50.     Additional campus police arrived in their vehicles and, along with the first officer, remained in close proximity to Hershey for approximately thirty minutes.

51.     The heavy police presence during that time interfered with Hershey's lawful activities by deterring students from accepting Hershey's booklets

52.     Hershey made a complaint to the Columbia campus police about Officer Doe and about the campus police failing to train its officers regarding free speech on sidewalks along Columbia city streets, as it had said it would do in response to Hershey's earlier online complaints.  Copy of the complaint attached and marked Exhibit 4.

53.     Campus police failed to respond to Hershey's complaint about the September 1, 2011, incident.

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

# COUNT I

## VIOLATION OF THE CAMPUS FREE EXPRESSION ACT
## ON FEBRUARY 17, 2016

54.     Hershey incorporates as if fully set out paragraphs 1-53.

55.     The Campus Free Expression Act, which became effective on August 28, 2015, prevents Missouri public institutions of higher education from restricting the freedom of expression of the public.  *See* Mo. Rev. Stat. §173.1550 (2015).

56.     The University of Missouri is a public institution of higher education.

57.     Under the CFEA, §173.1550.2, "the outdoor areas of campuses of public institutions of higher education in this state shall be deemed traditional public forums."

58.     In a "traditional public forum," restrictions on speech are "sharply circumscribed." *Perry Educ. Ass'n v. Perry Local Educators Ass'n*, 460 U.S. 37, 45 (1983).  Content-based restrictions are prohibited absent a showing that they are "necessary to serve a compelling state interest and … narrowly drawn to achieve that end," and even content-neutral time, place, and manner restrictions must be "narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication."  *Id.*; *see* Mo. Rev. Stat. §172.1550.2.

59.     The CFEA further directs that "[a]ny person who wishes to engage in noncommercial expressive activity on campus shall be permitted to do so freely, as long as the person's conduct is not unlawful and does not materially and substantially disrupt the functioning of the institution."  Mo. Rev. Stat. §172.1550.3.

13

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

60.     The CFEA specifically names the "distribution of literature" as one of the "[e]xpressive activities protected under [its] provisions."  Mo. Rev. Stat. §172.1550.1.

61.     Defendants The Curators of the University of Missouri, Chancellor Foley, President Middleton, the Board of Curators, and Officers Sanchez and Clifford, violated Hershey's rights under the CFEA in the following respects:

A.     By preventing Hershey from freely engaging in noncommercial expressive activity by distributing literature in an outdoor area of the campus as protected by the CFEA.  Mo. Rev. Stat. §172.1550.

B.     By arresting, handcuffing, searching, confining, and injuring Hershey without cause, probable cause, or reasonable suspicion, in response to and in retaliation for Hershey engaging in one of the "[e]xpressive activities" specifically "protected under [the CFEA's] provisions," namely, the "distribution of literature."  Mo. Rev. Stat. §172.1550.1.

C.     By issuing a trespassing citation to Hershey and stating that he was banned from the Columbia campus of the University for one year and threatening him with arrest if he returned to the campus during the year, in response to and in retaliation for Hershey engaging noncommercial expressive activity specifically protected by the CFEA, namely, "distribution of literature."  Mo. Rev. Stat. §172.1550.1.

62.     Section 173.1550.5 provides for an award to Hershey of compensatory damages, costs and attorney fees as redress for the violation of his protected rights.

14

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

63.     Section 173.1550.6 provides that if the court finds that an individual's expressive rights were violated through a violation of the CFEA, "the court shall award the aggrieved persons," such as Hershey, "no less than five hundred dollars for the initial violation, plus fifty dollars for each day the violation remains ongoing."

64.     As a proximate cause of the violations of the CFEA by Defendants The Curators of the University of Missouri, Chancellor Foley, President Middleton, the Board of Curators, and Officers Sanchez and Clifford, Hershey was damaged in the following respects:

A.     Personal and psychological injuries.

B.     Denial of his right of expression under the CFEA and First Amendment to the United States Constitution.

C.     Denial of his Fourth Amendment right to be free from unlawful arrest, search, seizure, and excessive force.

D.     Embarrassment and humiliation.

E.     Lost wages

F.     Medical expenses.

G.     Pain and suffering

**WHEREFORE,** Plaintiff Hershey prays for judgment against Defendants The Curators of the University of Missouri, President Middleton, Chancellor Foley, the Board of Curators, Defendant Officers Sanchez and Clifford for compensatory damages for physical and emotional injuries, medical expenses, pain and suffering, embarrassment, humiliation, and lost wages, for statutory damages of at least at $500 for the first day of

15

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

each violation, February 17, 2016, and at least $50 for each day that each violation is ongoing, and, in addition, for at least $50 for each day since February 17, 2016, that Hershey is banned from the University, for attorney's fees, and costs, and for such other and further relief that the court deems just and proper.

Hershey further requests a declaratory judgment finding that the CFEA protects Plaintiff's right to engage in peaceable distribution of noncommercial leaflets in outdoor areas of all University of Missouri campuses and injunctive relief under §173.1550.5, enjoining the Curators of the University of Missouri and all of the Defendants from interfering with Hershey's right to freely engage in noncommercial expressive activity as protected by the CFEA and First Amendment, including but not limited to distribution of literature, on all of its campuses, and any other declaratory or injunctive relief that the court deems just and proper.

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

## COUNT II

### VIOLATION OF THE CAMPUS FREE EXPRESSION ACT
### --UNLAWFUL UNIVERSITY POLICIES

65.     Hershey incorporates as if fully set out paragraphs 1-64.

66.     For the last nine years, Hershey has regularly distributed free, noncommercial literature in support of his strongly held vegetarian beliefs, on the St. Louis campus of the University, for which he has been compensated by various non-profit advocacy groups.

67.     Hershey has been required to obtain a permit before distributing literature on the St. Louis campus.  Hershey desires to and intends to continue to distribute his noncommercial literature on the St. Louis campus.

68.     Hershey also has distributed his free noncommercial literature on the Columbia campus of the University, for which distribution he is compensated by various not-for-profit advocacy organizations.  Hershey desires to resume distributing noncommercial literature on the Columbia campus.

69.     Because Hershey has distributed and attempted to distribute literature on University campuses and he intends to continue to do so, he has been and is affected by University regulations that unlawfully restrict his right to free expression under the CFEA and the First Amendment.  He therefore has standing to challenge those regulations.

70.     The Board of Curators, pursuant to Mo. Rev. Stat. §172.100, adopted a regulation governing the use of University facilities and equipment, Univ. Mo. Reg.

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

§110.010.  A copy of Univ. Mo. Reg. §110.010 is attached and marked Exhibit 5, and that regulation remains in effect and is published on the University website.

71.    Section 110.010 of the University's regulations violates the CFEA as follows:

A. Subsection 110.010.B(1) requires individuals "not connected with the University," such as Hershey, to obtain written permission of the Chancellor to "use" the buildings or grounds, and thus violates Hershey's rights under the CFEA by:

1.    Imposing a prior restraint by requiring permission and giving unfettered discretion to a decision maker to determine whether to allow "use" of the campus grounds which is forbidden on public fora.  *See Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750, 757-760 (1988).

2.    Failing to comply with the CFEA requirement that any time, place, and manner restriction provide "clear, published, content, and viewpoint-neutral criteria," provide "ample alternative means of expression," and serve a "significant institutional interest."  Mo. Rev. Stat. §173.1550.2.

3.    Failing to comply with the CFEA directive that "[a]ny person who wishes to engage in noncommercial expressive activity on campus be permitted to do so freely," Mo. Rev. Stat. §173.1550.3.

B. Subsection 110.010.B(2) requires that "[w]ritten permits … be secured in advance from the Chancellor" for temporary use of the University

Electronically Filed - St. Louis County - June 09, 2016 - 01:54 PM

grounds for purposes other than regularly schedule classroom work and thus violates Hershey's rights under the CFEA by:

1.    Imposing a prior restraint by requiring a permit and giving unfettered discretion to a decision maker to determine whether to allow "use" of the campus grounds which is forbidden on public fora. *See Lakewood*, 486 U.S. at 757-760.

2.    Failing to comply with the CFEA requirement that any time, place, and manner restriction provide "clear, published, content, and viewpoint-neutral criteria," provide "ample alternative means of expression," and serve a "significant institutional interest." Mo. Rev. Stat. §173.1550.2.

3.    Failing to comply with the CFEA directive that "[a]ny person who wishes to engage in noncommercial expressive activity on campus be permitted to do so freely," Mo. Rev. Stat. 173.1550.3.

C. Subsection 110.010.E(3), provides that members of the public, such as Hershey, "who are on University property without specific permission or authorization or without an appropriate purpose may be deemed guilty of trespass." A person "shall be deemed to be 'without specific permission or authorization' from and after such time as they are asked to leave the property." *Id.* Under the provision, a person "shall be deemed to be on University property 'without an appropriate purpose' whenever their presence is not reasonably related to the University's educational function, or an

19

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

approved University related extracurricular activity." *Id.*  The provision thus violates Hershey's rights under the CFEA by:

      1.    Granting unfettered discretion to an unnamed person to impose punishment on Hershey and others for exercising rights under the CFEA, by deeming them guilty of trespass, which encourages and causes University employees to engage in the type of conduct perpetrated against Hershey when he attempted to exercise his rights under the CFEA on the Columbia campus on February 17, 2016.

      2.    Prohibiting, or severely restricting, the access of Hershey and other non-University persons to a traditional public forum.

      3.    Imposing a purpose and content requirement in a traditional public forum by requiring the presence of non-university persons to be "reasonably related to the University's educational function."

72.    Subsections 110.010.B(1) & (B)(2) violate Hershey's rights under the CFEA by imposing a prior restraint on his expression and giving unfettered discretion to a decision maker to determine whether to allow him to "use" the campus grounds. Subsection 110.010.E(5) violates Hershey's right to "freely" distribute literature in the outdoor areas of the University campuses, imposes a content requirement on his expression, and chills the exercise of his rights of expression under the CFEA by placing him in jeopardy of being found guilty of trespass and being forcibly removed simply by being present on University property.

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

73.     By maintaining, publishing, and enforcing Univ. Mo. Reg. §110.010.B(1) & (B)(2) and §110.010.E(3) after the effective date of the CFEA, August 28, 2015, Defendants The Curators of the University of Missouri, the Board of Curators, President Middleton, and Chancellors Foley and George, violated and continue to violate the CFEA.

74.     Section 173.1550.5 provides for an award to Hershey of compensatory damages, costs and attorney fees to redress violations of Hershey's protected rights.

75.     Section 173.1550.6 provides that the court shall award "no less than $500 for the initial violation and $50 per day for each additional day that the University is in violation of the CFEA."

76.     As a proximate cause of Defendants The Curators of the University of Missouri, the Board of Curators, President Middleton, and Chancellors Foley and George, Hershey was damaged in the following respects:

    A. Denial of his right of expression under the CFEA and First Amendment to the United States Constitution.

    B. Lost wages.

    C. Denial of his Fourth Amendment right to be free from unlawful arrest, search, seizure, and excessive force.

    D. Embarrassment and humiliation.

    E. Personal and psychological injuries.

    F. Pain and suffering.

    G. Medical bills.

21

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

**WHEREFORE,** Plaintiff Richard Hershey prays for judgment against Defendants The Curators of the University of Missouri, President Middleton, Chancellors Foley and George, and the Board of Curators for damages for violation of his rights under the CFEA and the First Amendment, personal and psychological injuries, embarrassment and humiliation, lost wages, medical bills, pain and suffering and other compensatory damages and statutory damages in an amount of at least $500 for the first day of each violation, August 28, 2015, and at least $50 for each day that each violative policy remains in effect, for attorney's fees, costs, and such other relief that the court deems just and proper.

Hershey further requests a declaratory judgment stating that Univ. Mo. Reg. §110.010.B(1) & (2) and §110.010.E(3) are void and have no force and effect, and an injunction under §173.1550.5, enjoining The Curators of the University of Missouri, President Middleton, Chancellors Foley and George, and the Board of Curators from continuing to publish and enforce Univ. Mo. Reg. §110.010.B(1)&(2) and §110.010.E(3), and for such further declaratory and injunctive relief that the court deems just and proper.

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

## COUNT III

### CLAIM FOR VIOLATION OF THE FIRST, FOURTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. 1983.

77.     Hershey incorporates as if fully set out paragraphs 1-76 above.

78.     Prior to, and continuing after, passage of the CFEA, Hershey had a right under the First and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. 1983, to distribute literature on the public sidewalks on the Columbia campus of the University, including along Hitt Street and at 900 Virginia Avenue because such areas were and are public fora that forbid restrictions or permit only limited restrictions on expression under the First Amendment.

79.     The conduct of Officers Sanchez and Clifford on February 17, 2016, violated Hershey's clearly established right to freedom of expression under the First and Fourteenth Amendments to the United States Constitution by interfering with and preventing him from exercising his right of speech by distributing literature and retaliating against him for exercising and attempting to exercise his First Amendment rights by arresting him, searching him, detaining him, confining him, handcuffing him, and injuring him, all without probable cause or reasonable suspicion that a crime had been or was about to be committed.

80.     The conduct of Officers Sanchez and Clifford on February 17, 2016, violated Plaintiff Hershey's clearly established right to be free from unlawful search and seizure under the Fourth and Fourteenth Amendments by arresting him, searching him,

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

detaining him, confining him, handcuffing him, and injuring him, all without probable cause or reasonable suspicion that a crime had been or was about to be committed.

81.    The conduct of Officer Anliker on April 26, 2011, and Officer Doe on September 1, 2011, violated Hershey's clearly established right to freedom of expression under the First and Fourteenth Amendments to the United States Constitution by interfering with and preventing him from exercising his First Amendment right of speech by distributing literature.

82.    The conduct of Director Diggs at the St. Louis campus of the University in charging a lower table rate to others distributing literature than to Hershey violated his clearly established right of expression under the First and Fourteenth Amendments by discriminating against his expression on the basis of content and viewpoint, which eventually discouraged him from renting a table to distribute literature.

83.    Defendants President Middleton, Chancellors Foley and George, and The Board of Curators interfered with Hershey's exercise of his First Amendment rights by official policy, by regulations, by unofficial policy, by failure to have a policy, or by acquiescence in the arbitrary and capricious denial of Hershey's rights by University officials acting under color of state law in their official capacities as police officers of the Columbia campus of the University.

84.    As a proximate cause of Officers Sanchez and Clifford's violations of the First, Fourth, and Fourteenth Amendments on February 17, 2016, Hershey was damaged in the following respects:

A.    Personal and psychological injuries

24

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

    B.     Denial of his right of expression under the First Amendment to the United States Constitution.

    C.     Denial of his Fourth Amendment right to be free from unlawful arrest, search, seizure, and excessive force.

    D.     Embarrassment and humiliation.

    E.     Lost wages

    F.     Medical expenses.

    G.     Pain and suffering

85.     As a proximate cause of Officers Anliker and Doe's violations of the First Amendment in 2011, Hershey was damaged in the following respects:

    A.     Denial of his right of expression under the First Amendment to the United States Constitution.

    B.     Embarrassment and humiliation.

    C.     Lost wages

86.     As a proximate cause of Defendant Diggs violations of Hershey's First Amendment rights, Hershey has been damaged in the following respects:

    A.     Excessive fees

    B.     Lost wages

**WHEREFORE,** Plaintiff Richard Hershey prays for judgment against Defendant Officers Sanchez and Clifford in their individual capacities for damages for physical and emotional injury, pain and suffering, humiliation, embarrassment, lost wages, medical bills, and other damages; for judgment against Officers Anliker and Doe

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

for damages for emotional injury, humiliation, embarrassment, lost wages, and other damages; for judgment against Officers Sanchez, Clifford, Anliker, and Doe for costs and attorney's fees under 42 U.S.C. 1988, and for such other and further relief as this court deems just and proper.

In addition, Hershey requests a declaratory judgment and injunctive relief against Defendants President Middleton, Chancellor Foley, Chancellor George, and the Board of Curators, all in their official capacities, finding that the First and Fourteenth Amendments protect Plaintiff's right to engage in peaceable distribution of noncommercial leaflets in public areas of all University of Missouri campuses, including Columbia and St. Louis, that the First and Fourth Amendment protects Plaintiff's right of access to indoor areas made available for expressive activities without content or viewpoint discrimination, and enjoining these defendants from interfering with Hershey's exercise of his First Amendment rights, for costs and attorney's fees pursuant to 42 U.S.C. § 1988, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SCHWARTZ, HERMAN & DAVIDSON**

By    /s/ Robert Herman
       Robert Herman, Bar No. 32376MO
       8830 Ladue Road, Suite 201
       St. Louis, Missouri 63124
       Ph.  314/862-0200
       Fax  314/862-3050
       Email  bherman@laduelaw.com
       *Attorney for Plaintiff, Richard Hershey*

26

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on  June 9, 2016 , the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system.

By:   /s/  Robert Herman

27

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

**ORI NO. MO 0100400**
**UNIVERSITY OF MO. POLICE DEPT.**
**COLUMBIA, MO 65211**
**UNIFORM CITATION**

**151114786**

| STATE OF MISSOURI | | | | DIVISION |
|---|---|---|---|---|
| IN THE CIRCUIT COURT OF | **BOONE** | | COUNTY | |

COURT ADDRESS (STREET, CITY, ZIP)
600 E. BROADWAY    Columbia, MO 65201

| COURT DATE | COURT TIME | ☐ AM | COURT PHONE NO. |
|---|---|---|---|
| 3/24/16 | 1:30 | ☒ PM | 573 874-7230 |

I, KNOWING THAT FALSE STATEMENTS ON THIS FORM ARE PUNISHABLE BY LAW, STATE THAT I HAVE PROBABLE CAUSE TO BELIEVE THAT:

| ON/ABOUT (DATE) | AT TIME | HWY CLASS | UPON/AT OR NEAR (LOCATION) |
|---|---|---|---|
| | HRS | | 900 Virginia Ave |

WITHIN CITY/COUNTY AND STATE AFORESAID,

NAME (LAST, FIRST, MIDDLE)
HERSHEY, Richard, Michael

STREET ADDRESS
1031 LEISURE LN

| CITY | STATE | ZIP CODE |
|---|---|---|
| St. Louis | MO | |

| DATE OF BIRTH | RACE | SEX | HEIGHT | WEIGHT |
|---|---|---|---|---|
| | | M | 500 | |

| DRIVER'S LIC. NO. | CDL | STATE |
|---|---|---|
| | ☐ YES  ☒ NO | |

EMPLOYER
Self Employed

ADDRESS (STREET, CITY, STATE, ZIP)
314-994-9977

| DID UNLAWFULLY | ☐ OPERATE/DRIVE | ☐ PARK | ☐ C.M.V. | ☐ WITH HAZ MAT |
|---|---|---|---|---|
| V E H I C L E | YEAR | MAKE | MODEL | STYLE | COLOR |
| | REGISTERED WEIGHT | L I C | NUMBER | STATE | YEAR |

DID THEN AND THERE COMMIT THE FOLLOWING OFFENSE. THE FACTS SUPPORTING THIS BELIEF ARE AS FOLLOWS:

Trespassing 1st Degree by remaing On real Property after warning

☐ Subject taken into custody. (Complete "For Issuance of a Warrant" section on reverse side.)

| DRIVING | POSTED SPEED LIMIT | DETECTION METHOD |
|---|---|---|
| MPH | MPH | ☐ STATIONARY RADAR  ☐ WATCH (AIR)  ☐ PACE |
| | | ☐ MOVING RADAR  ☐ WATCH (GROUND)  ☐ OTHER |

IN VIOLATION OF: STATUTE/ORDINANCE – CHARGE CODE
☐ RSMo
☐ ORD.

SEAT BELT VIOLATION: STATUTE/ORDINANCE – CHARGE CODE
☐ RSMo
☐ ORD.

| ☐ IN FATAL CRASH | ☐ IN CRASH | ☐ DWI/BAC | OCN |
|---|---|---|---|

| OFFICER | BADGE | TRP/ZONE | DATE |
|---|---|---|---|

ON INFORMATION, UNDERSIGNED PROSECUTOR CHARGES THE DEFENDANT AND INFORMS THE COURT THAT ABOVE FACTS ARE TRUE AND PUNISHABLE BY:
☐ RSMo
☐ ORD.

| PROSECUTOR'S SIGNATURE | DATE |
|---|---|

I PROMISE TO DISPOSE OF THE CHARGES OF WHICH I AM ACCUSED THROUGH COURT APPEARANCE OR PREPAYMENT OF FINE AND COURT COSTS.

DR. LIC. POSTED
☐ YES
☐ NO

SIGNATURE X

MO 100-0051 (2-15)

**VIOLATOR'S COPY**

**EXHIBIT 1**

Electronically Filed - St. Louis County - June 09, 2016 - 01:54 PM

**Scheduling Office**
University of Missouri-St. Louis
8001 Nat. Bridge Rd, 218 Millennium Student Center
St. Louis MO  63121

(314) 516-5264 / (314) 516-5320

**EXHIBIT 2**

## INVOICED PAID BY CHECK

**Customer**

41060

MARE E FLORETNINO
ST. LOUIS ANIMAL RIGHTS TEAM
P.O. BOX 440161
ST. LOUIS, MO  63144

**Reservation:**
Event Name:   PUPPY MILL CRUELTY
              PREVENTION
Status:       CONFIRMED
Phone:        314-706-9599
Event Type:   INFORMATION TABLE

| | Quantity | Price | Amount |
|---|---|---|---|

**Bookings / Details**

PAYMENT METHOD (Due Date: 3/23/2010 Completed On: 3/23/2010)
  *canceled*

**Thursday, March 25, 2010**
**9:00 AM - 4:00 PM PUPPY MILL CRUELTY PREVENTION  (CONFIRMED) MC LOBBY A1**
  Reserved: 8:00 AM - 5:00 PM
  1 Table; Two Chairs
  Remarks:
    NON FOR PROFIT ID#  ▓▓▓▓▓▓

  Paid by Check 1209
  St. Louis Animal Rights Team, Inc
  PO Box  ▓▓▓▓
  St. Louis, MO  63144
  314-851-0928

  Amount of $50.00  fwd payment to Tiara on  3-29-10

| | | Quantity | Price | Amount |
|---|---|---|---|---|
| MSC Room Charge: | | | | |
| MSC LOBBY | | 1 | $50.00 | $50.00 |
| | Subtotal | | | $50.00 |
| | Grand Total | | | $50.00 |

*Thank You*

3/29/2010 2:30 PM SH

Page 1 of 1

Electronically Filed - St. Louis County - June 09, 2016 - 01:54 PM

**Complaint/Allegation Form**
**University of Missouri-Columbia Police Department**
**(Please Print or Type)**

EXHIBIT
**3**

*Note: Identifying information is optional as complaints may be submitted anonymously.*

NAME: _Richard Hershey_____

CAN BE CONTACTED AT: PHONE 1 ( 314   )  994-9977_____

PHONE 2 (        ) _____

ADDRESS: _1031 Leisure Lane, St. Louis, MO  63146_____

WORK PHONE: ( 314    )   994-9977_____

BRIEFLY STATE THE NATURE OF THE ALLEGATION (What is it the employee is alleged to have done, or failed to do; what were the conditions or circumstances at the time; and what resulted).

On April 26, 2011 at approximately 16:00, I was peaceable handing out noncommercial, free educational booklets to pedestrians that were interested on the sidewalk along Hitt Street between Rollins Street and University Avenue during which time Lieutenant Anliker observed me for several minutes from his patrol car while parked nearby on Hitt Street just southeast of my position. The Lieutenant then exited his vehicle and approached me on foot. He asked what I was handing out and so I gave him one of my booklets. After reviewing the booklet, the Lieutenant informed me that I was not allowed to hand out my booklets without University permission and ordered me to cease what I was doing. Although his order was unlawful, I complied for fear of arrest.

I asked the Lieutenant if the street (which was open to traffic) was owned by the City of Columbia or by the University.   The Lieutenant replied that the street was owned by the City but that the campus police were authorized by the City for law enforcement on the street.  I pointed out that if the street was owned by the City, then the sidewalk on which I was standing along the street was also a City sidewalk and I had a right to hand out my literature there.  The Lieutenant stated as the reason for ordering me to cease "Because sooner or later there will be a complaint." The Lieutenant again ordered me to vacate so I forfeited my First Amendment protected right to speech and vacated the street under fear of arrest.

The booklets address relevant social issues and peaceably distributing them constitutes the highest form of First Amendment protected speech.  If campus police officers are authorized to enforce the law on City streets, then they are also bound to uphold the US Constitution on those streets, and certainly bound not to violate my Constitutional and Civil rights or the rights of other persons seeking to peaceable distribute literature.

When distributing booklets on city sidewalks or on college and university campuses, I am peaceable, am not disruptive, do not use amplified sound, do not draw a crowd, do not place booklets on parked vehicles, do not obstruct foot-traffic or the entrances to buildings, and do not otherwise create a disturbance.  The only problem on the 26th regarding my leafleting was the unlawful interference I encountered from Lieutenant Anliker.

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

Lieutenant Anliker (a) failed to uphold the United States Constitution and Missouri Constitution, and (b) violated my rights under the First and Fourteenth Amendments to the US Constitution, and Article I, Section 8 of the Missouri Constitution.   Further, since he acted on behalf of the University in his Official capacity as police lieutenant, the University also has violated my Constitutional and Civil rights because of his unlawful conduct.

(Office Use Only)

--------------------------------------------------------------------------------------------------------

DATE RECEIVED: _____
RECEIVED BY: _____
POSITION: _____
HOW RECEIVED:    ( ) In Person   ( ) By Phone   ( ) E-mail     ( ) Other
DATE SENT TO INTERNAL AFFAIRS (Administrative Support Commander):_____

USE:
This form is to be completed for any allegation charged against an employee.  The original copy shall be reviewed for internal affairs purposes and then filed according to procedure.  A copy should be given or sent to the complainant once it is received by the department.
**(Forms may be mailed or returned to 901 Virginia Avenue, Columbia, MO 65211)**

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

**EXHIBIT 4**

**From:** Richard Hershey [mailto:clickrick@sprintmail.com]
**Sent:** Friday, September 02, 2011 7:08 AM
**To:** WelmerB@missouri.edu
**Cc:** Watring, Jack W. (WatringJ@missouri.edu); Jack Norris (jacknorris3@gmail.com)
**Subject:** Ongoing First Amendment violations at Mizzou

Dear Captain Weimer,

Your police department once again interfered with my First Amendment protected leafleting activities yesterday, September 1, 2011 at approximately 1745 on the City sidewalk along Hitt Street. Your officer informed me that the sidewalk was University property and informed me that I had to leave. Unlike last May, this time I did not vacate as the officer requested.

As I recall when we spoke on the phone last May, I believe that you had informed me that you were going to train your department regarding free speech on City sidewalks. In light of yesterday's experience, I respectfully submit that both the way you handled my complaint about the Lieutenant, as well as the training that I had understood was supposed to be implemented, were inadequate.

Further, I checked yesterday as to the location of the trash receptacles adjacent to Lowery Mall that I had recovered booklets from last May. The receptacles are located on the sidewalk along Hitt Street, and not up on the stairs to the mall. Therefore, when recovering the booklets, I was not on Lowery Mall as the Lieutenant and you had alleged. Even if I had stepped onto the mall to recover booklets on the ground that others had discarded, doing so does not constitute handing out booklets on University property, but is instead a courtesy to the University.

Thank you in advance for your attention to this matter.

Sincerely,

Richard Hershey

Electronically Filed - St. Louis County - June 09, 2016 - 01:54 PM

 University of Missouri System
COLUMBIA | KANSAS CITY | ROLLA | ST. LOUIS

**EXHIBIT**
**5**

Chapter 110: Use of Facilities and Equipment

# 110.010 Regulations

Bd. Regs. Book dated 12-10-49, pp. 70-76; Bd. Min. 7-22-65, p. 30,624; Bd. Min. 9-26-69, p. 34,751; Bd. Min. 5-18-73, p. 36,693; Amended Bd. Min. 11-19-82; Revised Bd. Min. 9-16-88.

A. **Facilities and Equipment** -- Unless otherwise specifically ordered by the Board, the President of the University may assign or reassign sites of the University for use by the University or any campus thereof. The use of sites assigned to the University shall be under the direction and control of the President. Sites assigned to a campus of the University shall be subject to the following regulations on use of facilities. Sites assigned to the University shall be subject to such regulations except that assignments or waivers provided for in such regulations shall be made by the President.

B. **General Regulations**
   1. **Written Permission of the Chancellor** -- University buildings and grounds are intended for use by students, faculty and staff in support of the University's mission of research, instruction and extension. University buildings and grounds may not be used by individuals, groups or organizations not connected with the University except by written permission of the Chancellor and then, only in accordance with University rules and regulations. Where regulations require direction of the Chancellor, said regulations may be administered by Chancellors's designee(s).
   2. **Permits** -- Written permits for the temporary use of University grounds, buildings or rooms therein for any purpose other than regularly scheduled classroom work must be secured in advance from the Chancellor.
   3. **Religious Services or Groups** -- No advantage shall be given to any religion or religious group.
   4. **Requirements** -- All classes, meetings or assemblages and use by individuals of any sort held in University buildings or on University grounds are subject to applicable U.S. and Missouri laws and University requirements, rules and regulations. In addition, it is expected that proper care will be taken of the facility and that simple rules of courtesy, decency and good manners will be observed at all times. Any failure to abide by these requirements may cause the permission for the use of the facility to be withdrawn at any time, or for future permission for use of any University facilities to be denied.
      a. The possession of and discharge of firearms, weapons and explosives on University property including University farms is prohibited except in regularly approved programs or by University

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

agents or employees in the line of duty.

b. No University building, or part thereof, or grounds may be occupied as living rooms or bedroom except those duly set aside for such purposes.

c. The University reserves the right to set reasonable time, place and manner restrictions on all meetings, gatherings or get-togethers to assure that the most beneficial use of the buildings and grounds of the University is made and that there is no interference with the right of students to obtain an education.

d. The use of University facilities should not imply an endorsement of any individual, group or organization and the name of the University shall not be identified in any way with the aims, policies, programs, products, or opinions of any individual, groups or organizations which may meet in University buildings or on University grounds in accordance with these regulations.

### C. Use for Classrooms, Laboratories and Office Space

1. Assignment of space in University buildings for continuing use by division, departments or other units for use as research laboratories, offices or other specific purposes will be made by the Chancellor.

2. Assignment of classrooms and laboratories for scheduled classes and examinations will be made on a semester-by-semester basis by the Chancellor.

3. Members of the University faculty, staff or students who are assigned office space in a building on the campus, and who have been authorized to have a building exterior key, shall be authorized to use such assigned office space whenever their work may require such use.

### D. Use by Recognized Student Groups

1. In addition to the general rules and procedures, the following rules apply to use of University facilities by student groups and individuals.

2. University buildings and grounds may be utilized and open to the public for appropriate activities and programs sponsored by an officially recognized student organization, provided that such programs are in accordance with the rules and regulations established by the Board of Curators for such events, and further, that the organization file a written request for approval of the activity or program at least ten days prior to the event. The Chancellor is authorized to make an exception to the ten day rule in special circumstances.

3. University buildings or grounds may not be used by student organizations or enterprises which declare a dividend among its members or from which members derive financial profit; but such student organizations or enterprises may use facilities under the same conditions as nonstudent groups.

4. It is recognized that from time to time ad hoc groups or students may wish to use University facilities for purposes of meetings for social events. Such groups may do so only by written permission of the Chancellor.

### E. Use by Non-Student Individuals and Groups

1. In addition to the general rules and procedures specified above, the

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

following rules apply to use of University facilities by non-student individuals and non-student groups; but this section of the regulations does not apply to official University public functions.

2. Persons who are not students or employees of the University, while on University property, are required to abide by University policies and regulations.

3. Persons who are not current students or employees of the University and who are on University property without specific permission or authorization or without an appropriate purpose may be deemed guilty of trespass. A person shall be deemed to be on University property "without specific permission or authorization" from and after such time as they are requested to leave the property. A person shall be deemed to be on University property "without an appropriate purpose" whenever their presence is not reasonably related to the University's educational function, or an approved University related extracurricular activity.

4. Use of available University facilities may be granted to nonstudent groups for meetings, programs and activities:

    a. When the meeting, program and activity is sponsored by or the group is invited by an instructional or administrative division or department as a part of its educational program with the approval of the dean or the appropriate administrative officer of that division or department.

    b. When sponsored by a learned, educational, professional, or scientific society for organizational or educational purposes when recommended by a dean or other appropriate administrative officer.

    c. Other nonaffiliated and nonsponsored groups may make use of the facilities of the University upon written approval of the Chancellor.

5. Affiliated groups, as specified above in Section 110.010 E.4.a and E.4.b may be charged an approved fee.

6. Nonaffiliated, nonsponsored groups, as specified above in Section 110.010 E.4.c will be charged a fee approved by the Chancellor.

7. The Chancellor is authorized to establish specific procedures for scheduling and use of University facilities for all meetings of non-student groups to implement these regulations.

F. **Sales, Solicitation, Collections and Advertising in University Buildings or on University Grounds**

1. The sale of anything, the soliciting of subscriptions or the collection of dues is prohibited in the University buildings and upon University grounds without prior authorization of the Chancellor.

2. Recognized student organizations may not solicit subscriptions or collect dues from prospective students or guests of the University when such guests are in University buildings or on University grounds.

G. **Cleaning and Decorations**

1. **Cleaning** -- All debris must be removed from buildings and premises immediately following an event by the organization concerned. In case extraordinary cleaning is necessary by the University, the cost of such work shall be paid by the organization creating such a necessity. Any

Electronically Filed - St Louis County - June 09, 2016 - 01:54 PM

damage to a building or a loss of University owned material or equipment resulting from the use of a building by any organization shall likewise be charged to the responsible organization.

2. **Approval** -- No decorations shall be permitted in or on University buildings or grounds except as approved by the Business Officer.

3. **Fees** -- With the approval of the Chancellor, the Business Officer may establish an appropriate fee for use of University buildings by groups.

4. Any rules and regulations not in conformity herewith are hereby repealed.

H. **University Equipment**

1. **Use of Equipment** -- The use of University equipment by individuals or organizations for activities not directly connected with the University of Missouri shall be prohibited and no loan of University equipment shall be made to any individual or organization except where reciprocal use of property is involved such as the exchange of chairs between the University of Missouri and Stephens College.

2. **Equipment to Remain on Property** -- No University equipment may be taken from University property except where such equipment is to be used in the line of official duty.



**Print** (javascript:window.print())

**Request Word Doc for Board Action Only**
-Internal use only-
(mailto:CRRrequest@umsystem.edu&subject=Request%20Word%20Doc%20for%20Board%20Action&body=Plea

Next Rule: 110.015 Facilities Needs Funding and Reporting
(https://www.umsystem.edu/ums/rules/collected_rules/facilities/ch110/110.015_facilities_needs_funding_and_reporting)

Previous Rule: 110.005 Acceptable Use Policy (https://www.umsystem.edu/ums/rules/collected_rules/facilities/ch110/110.005_acceptable_use_policy)



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN LEVY SIWAK | Case Number:  16SL-CC01581 |
|---|---|
| Plaintiff/Petitioner:<br>RICHARD HERSHEY | Plaintiff's/Petitioner's Attorney/Address<br>ROBERT HERMAN<br>SUITE 201<br>8820 LADUE ROAD<br>ST. LOUIS, MO  63124 |
| vs. | |
| Defendant/Respondent:<br>THE CURATORS OF THE UNIVERSITY OF MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  THE CURATORS OF THE UNIVERSITY OF MISSOURI
Alias:

227 UNIVERSITY HALL
COLUMBIA, MO  65211

SERVE: STEPHEN J. OWENS
GENERAL COUNSEL
UNIVERSITY OF MISSOURI

COURT SEAL OF



ST. LOUIS COUNTY

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>02-MAY-2016</u>
Date

Further Information:
ALD

_____
Clerk

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                          Date                              Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.   The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.   The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN LEVY SIWAK | Case Number: 16SL-CC01581 |
|---|---|
| Plaintiff/Petitioner:<br>RICHARD HERSHEY | Plaintiff's/Petitioner's Attorney/Address<br>ROBERT HERMAN<br>SUITE 201<br>8820 LADUE ROAD<br>ST. LOUIS, MO  63124 |
| vs. | |
| Defendant/Respondent:<br>THE CURATORS OF THE UNIVERSITY OF MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **MICHAEL A MIDDLETON**
  Alias:

**321 UNIVERSITY HALL**   **UNIVERSITY OF MISSOURI-COLUMBIA**
**COLUMBIA, MO  65211**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>02-MAY-2016</u>
Date                          _____
                                                   Clerk
Further Information:
ALD

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____      _____
                                           Date                                    Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $ | _____ |
| Non Est | $ | _____ |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ | 10.00_____ |
| Mileage | $ | _____ (_____ miles @ $._____ per mile) |
| **Total** | $ | _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

### Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.   The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.   The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 16-SMCC-3113**   4   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN LEVY SIWAK | Case Number:  16SL-CC01581 |
|---|---|
| Plaintiff/Petitioner:<br>RICHARD HERSHEY | Plaintiff's/Petitioner's Attorney/Address<br>ROBERT HERMAN<br>SUITE 201<br>8820 LADUE ROAD<br>ST. LOUIS, MO  63124 |
| vs.<br>Defendant/Respondent:<br>THE CURATORS OF THE UNIVERSITY OF MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  DR. HENRY C FOLEY
Alias:

105 JESSE HALL
COLUMBIA, MO  65211                    UNIVERSITY OF MISSOURI-COLUMBIA

COURT SEAL OF



ST. LOUIS COUNTY

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>02-MAY-2016</u>
Date                                                          _____ Clerk

Further Information:
ALD

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                         Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____             _____
                          Date                                     Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $ | _____ |
| Non Est | $ | _____ |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ | 10.00 |
| Mileage | $ | _____ (_____ miles @ $._____ per mile) |
| **Total** | $ | _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.   The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN LEVY SIWAK | Case Number: 16SL-CC01581 |
|---|---|
| Plaintiff/Petitioner:<br>RICHARD HERSHEY | Plaintiff's/Petitioner's Attorney/Address<br>ROBERT HERMAN<br>SUITE 201<br>8820 LADUE ROAD<br>ST. LOUIS, MO 63124 |
| vs. | |
| Defendant/Respondent:<br>THE CURATORS OF THE UNIVERSITY OF MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **DONALD L CUPPS**
                        Alias:

316 UNIVERSITY HALL
COLUMBIA, MO 65211

**UNIVERSITY OF MISSOURI-COLUMBIA**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
       **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>02-MAY-2016</u>
Date

Further Information:
ALD

_Clerk_

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                              Date                              Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $ | _____ |
| Non Est | $ | _____ |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ | 10.00 _____ |
| Mileage | $ | _____ (_____ miles @ $._____ per mile) |
| **Total** | $ | _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ELLEN LEVY SIWAK | Case Number:  16SL-CC01581 |
| Plaintiff/Petitioner:<br>RICHARD HERSHEY | Plaintiff's/Petitioner's Attorney/Address<br>ROBERT HERMAN<br>SUITE 201<br>8820 LADUE ROAD<br>ST. LOUIS, MO  63124 |
| vs. | |
| Defendant/Respondent:<br>THE CURATORS OF THE UNIVERSITY OF MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  MAURICE B GRAHAM
Alias:

316 UNIVERSITY HALL
COLUMBIA, MO  65211

UNIVERSITY OF MISSOURI-COLUMBIA



COURT SEAL OF

ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

02-MAY-2016
Date

_____
Clerk

Further Information:
ALD

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____          _____
                          Date                                  Notary Public

**Sheriff's Fees, if applicable**

Summons                        $_____
Non Est                        $_____
Sheriff's Deputy Salary
Supplemental Surcharge         $____10.00_____
Mileage                        $_____ (_____ miles @ $._____ per mile)
**Total**                      $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ELLEN LEVY SIWAK | Case Number:  16SL-CC01581 |
| Plaintiff/Petitioner:<br>RICHARD HERSHEY | Plaintiff's/Petitioner's Attorney/Address<br>ROBERT HERMAN<br>SUITE 201<br>8820 LADUE ROAD<br>ST. LOUIS, MO  63124 |
| vs. | |
| Defendant/Respondent:<br> THE CURATORS OF THE UNIVERSITY OF MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **PAMELA Q HENDRICKSON**
                                          Alias:

**316 UNIVERSITY HALL**                    **UNIVERSITY OF MISSOURI-COLUMBIA**
**COLUMBIA, MO  65211**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

          You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
          SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>02-MAY-2016</u>
Date                                                          _____
                                                                                                        Clerk
**Further Information:**
**ALD**

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
          _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
          _____ (name) _____ (title).
☐ other _____
                                                                                                                                                      .
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
        Printed Name of Sheriff or Server                                    Signature of Sheriff or Server
          **Must be sworn before a notary public if not served by an authorized officer:**
*(Seal)*          Subscribed and sworn to before me on _____ (date).

          My commission expires: _____    _____
                                                              Date                                              Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 16-SMCC-3118**   3   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN LEVY SIWAK | Case Number: 16SL-CC01581 |
|---|---|
| Plaintiff/Petitioner:<br>RICHARD HERSHEY | Plaintiff's/Petitioner's Attorney/Address<br>ROBERT HERMAN<br>SUITE 201<br>8820 LADUE ROAD<br>ST. LOUIS, MO 63124 |
| Defendant/Respondent:<br>THE CURATORS OF THE UNIVERSITY OF MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

(vs.)

## Summons in Civil Case

The State of Missouri to: JOHN R PHILLIPS
Alias:

316 UNIVERSITY HALL
COLUMBIA, MO 65211

UNIVERSITY OF MISSOURI-COLUMBIA



COURT SEAL OF

ST. LOUIS COUNTY

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
      SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>02-MAY-2016</u>
Date

_____ Clerk

Further Information:
ALD

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____,
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                         Signature of Sheriff or Server

### Must be sworn before a notary public if not served by an authorized officer:

(Seal)    Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                       Date                               Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ELLEN LEVY SIWAK | Case Number:  16SL-CC01581 |
| Plaintiff/Petitioner:<br>RICHARD HERSHEY | Plaintiff's/Petitioner's Attorney/Address<br>ROBERT HERMAN<br>SUITE 201<br>8820 LADUE ROAD<br>ST. LOUIS, MO  63124 |
| vs. | |
| Defendant/Respondent:<br>THE CURATORS OF THE UNIVERSITY OF MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  PHILLIP H SNOWDEN
Alias:

316 UNIVERSITY HALL
COLUMBIA, MO  65211          UNIVERSITY OF MISSOURI-COLUMBIA

**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>02-MAY-2016</u>
Date                                             _____ Clerk

Further Information:
ALD

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                         Date                                         Notary Public

| **Sheriff's Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**<u>Purpose of Notice</u>**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**<u>Your Rights and Obligations in Court Are Not Affected By This Notice</u>**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**<u>Alternative Dispute Resolution Procedures</u>**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) <u>Advisory Arbitration:</u>** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) <u>Mediation:</u>** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* **Document ID# 16-SMCC-3120**     4     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ELLEN LEVY SIWAK | Case Number:  16SL-CC01581 |
| Plaintiff/Petitioner:<br>RICHARD HERSHEY<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>ROBERT HERMAN<br>SUITE 201<br>8820 LADUE ROAD<br>ST. LOUIS, MO  63124 |
| Defendant/Respondent:<br> THE CURATORS OF THE UNIVERSITY OF<br>MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  DAVID L STEELMAN
                                         Alias:

316 UNIVERSITY HALL                   **UNIVERSITY OF MISSOURI-COLUMBIA**
COLUMBIA, MO  65211



**COURT SEAL OF**

**ST. LOUIS COUNTY**

        You are summoned to appear before this court and to file your pleading to the petition, a copy of
which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the
above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to
file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
        SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please
notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least
three business days in advance of the court proceeding.

<u>02-MAY-2016</u>                                          _____
Date                                                                                            Clerk

Further Information:
ALD

---

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                                        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____                    _____
                                              Date                                                   Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

### Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

(3) <u>Early Neutral Evaluation ("ENE"):</u> A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.   The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.   While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) <u>Mini-Trial:</u> A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.   The neutral third party may issue an advisory opinion regarding the merits of the case.   The advisory opinion is not binding.

(5) <u>Summary Jury Trial:</u> A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.   A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.   After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.   The verdict then becomes the starting point for settlement negotiations among the parties.

## <u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.   As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.   The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.   The Circuit Clerk also has Neutral Qualifications Forms on file.   These forms have been submitted by the neutrals on the list and provide information on their background and expertise.   They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.   The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.   The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 16-SMCC-3121**    4    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ELLEN LEVY SIWAK | Case Number:  16SL-CC01581 |
| Plaintiff/Petitioner:<br>RICHARD HERSHEY | Plaintiff's/Petitioner's Attorney/Address<br>ROBERT HERMAN<br>SUITE 201<br>8820 LADUE ROAD<br>ST. LOUIS, MO  63124 |
| vs. | |
| Defendant/Respondent:<br> THE CURATORS OF THE UNIVERSITY OF MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  NATHAN SANCHEZ
                          Alias:

901 VIRGINIA AVENUE
COLUMBIA, MO  65211



*COURT SEAL OF*

*ST. LOUIS COUNTY*

    You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
    SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>02-MAY-2016</u>
Date                                           _____ Clerk

Further Information:
ALD

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

                          Subscribed and sworn to before me on _____ (date).

*(Seal)*

                          My commission expires: _____          _____
                                                Date                                Notary Public

| **Sheriff's Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN LEVY SIWAK | Case Number: 16SL-CC01581 |
|---|---|
| Plaintiff/Petitioner:<br>RICHARD HERSHEY | Plaintiff's/Petitioner's Attorney/Address<br>ROBERT HERMAN<br>SUITE 201<br>8820 LADUE ROAD<br>ST. LOUIS, MO 63124 |
| vs. | |
| Defendant/Respondent:<br>THE CURATORS OF THE UNIVERSITY OF MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: JACOB CLIFFORD
                        Alias:

901 VIRGINIA AVENUE
COLUMBIA, MO 65211



COURT SEAL OF

ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

02-MAY-2016
Date

_____ Clerk

Further Information:
ALD

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                 Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____               _____
                              Date                                      Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN LEVY SIWAK | Case Number:  16SL-CC01581 |
|---|---|
| Plaintiff/Petitioner:<br>RICHARD HERSHEY | Plaintiff's/Petitioner's Attorney/Address<br>ROBERT HERMAN<br>SUITE 201<br>8820 LADUE ROAD<br>ST. LOUIS, MO  63124 |
| vs. | |
| Defendant/Respondent:<br>THE CURATORS OF THE UNIVERSITY OF MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  BUDDY ANLIKER
                          Alias:

901 VIRGINIA AVENUE
COLUMBIA, MO  65211



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
    SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY 314-615-4567, at least three business days in advance of the court proceeding.

<u>02-MAY-2016</u>
Date

_____ Clerk

Further Information:
ALD

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                          Date                                   Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 16-SMCC-3124**   4   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN LEVY SIWAK | Case Number:  16SL-CC01581 |
|---|---|
| Plaintiff/Petitioner:<br>RICHARD HERSHEY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ROBERT HERMAN<br>SUITE 201<br>8820 LADUE ROAD<br>ST. LOUIS, MO  63124 |
| Defendant/Respondent:<br>THE CURATORS OF THE UNIVERSITY OF<br>MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  JOHN DOE
                          Alias:

901 VIRGINIA AVENUE
COLUMBIA, MO  65211



**COURT SEAL OF**

**ST. LOUIS COUNTY**

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
      SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>02-MAY-2016</u>
Date

Further Information:
ALD

_____ Clerk

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
                                    Date                                            Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

### Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.  These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.   The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.   The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

**16SL-CC01581**

Electronically Filed - St Louis County - April 28, 2016 - 02:57 PM

# IN THE STATE OF MISSOURI
## TWENTY-FIRST JUDICIAL CIRCUIT – ST. LOUIS COUNTY

RICHARD HERSHEY,                        )
                                        )
   Plaintiff,           )
                                        )
*vs.*                                   )  Cause No. _____
                                        )
                                        )  Div. _____
THE CURATORS OF THE                     )
UNIVERSITY OF MISSOURI, et al.          )
                                        )
   Defendants.           )
_____)

## MOTION TO FILE SUBSTITUTE PETITION
## PRESERVING ORIGINAL FILING DATE

Comes now Robert Herman, attorney for Plaintiff, and states to the Court as follows:

1. Counsel electronically filed a Petition in the above case on April 25, 2016, eFiling Confirmation Number EF6223853.

2. Counsel discovered yesterday, on April 27, 2016, that he had inadvertently omitted a signature from the original pleading when he received an email from the Clerk notifying him that the Petition had been rejected because of the lack of a signature.

3. Rule 55.03(a) provides that an original pleading will not be stricken for lack of a signature if counsel acts "promptly" after the omission is called to the attention of the attorney filing the pleading.

Electronically Filed - St Louis County - April 28, 2016 - 02:57 PM

Wherefore, Counsel for Plaintiff requests that the Court order the Clerk to file Plaintiff's substitute signed Petition preserving the original filing date.

Respectfully submitted,

**SCHWARTZ, HERMAN & DAVIDSON**

By: _____

Robert Herman, #32376
8820 Ladue Road, Suite 201
St. Louis, Missouri 63130
Ph: 314/862-0200
Fx: 314/862-3050
Email:  bherman@laduelaw.com
*Attorney for Plaintiff, Richard Hershey*

So Ordered.

_____        ___4/28/16___
Circuit Judge                                    Date

**16SL-CC01581**

## IN THE STATE OF MISSOURI
## TWENTY-FIRST JUDICIAL CIRCUIT – ST. LOUIS COUNTY

RICHARD HERSHEY,                          )
                                          )
        Plaintiff,                  )
                                          )
*vs.*                                     )
                                          )   Cause No. _____
THE CURATORS OF THE                       )
UNIVERSITY OF MISSOURI,                   )
                                          )
Serve:    Stephen J. Owens               )
        General Counsel              )
        University of Missouri       )
        227 University Hall          )
        Columbia, Missouri 65211     )
                                          )
MICHAEL A. MIDDLETON,                     )
Interim President, University of Missouri, )
In his official capacity                  )
                                          )
Serve:    Michael A. Middleton           )
        University of Missouri-Columbia )
        321 University Hall          )
        Columbia, Missouri 65211     )
and                                       )
                                          )
DR. HENRY C. FOLEY,                       )
Interim Chancellor, University            )
of Missouri-Columbia,                     )
in his official capacity,                 )
                                          )
Serve:    Dr. Henry C. Foley             )
        University of Missouri-Columbia )
        105 Jesse Hall               )
        Columbia, Missouri 65211     )
and                                       )
                                          )
THOMAS F. GEORGE, Chancellor              )
University of Missouri, St. Louis,        )
in his official capacity,                 )

**FILED**

APR 2 5 2016

**JOAN M. GILMER**
CIRCUIT CLERK, ST. LOUIS COUNTY

Serve:      Thomas F. George                    )
            University of Missouri-St. Louis     )
            401 Woods Hall                       )
            University of Missouri–St. Louis     )
            One University Boulevard             )
            St. Louis, Missouri 63121            )
                                                 )
and                                              )
                                                 )
DONALD L. CUPPS,                                 )
Member of the University                         )
of Missouri Board of                             )
Curators, in his official capacity,              )
                                                 )
Serve:      Donald L. Cupps                      )
            University of Missouri-Columbia      )
            316 University Hall                  )
            Columbia, Missouri 65211             )
                                                 )
MAURICE B. GRAHAM,                               )
Member of the University                         )
of Missouri Board of                             )
Curators, in his official capacity,              )
                                                 )
Serve:      Maurice B. Graham                    )
            University of Missouri-Columbia      )
            316 University Hall                  )
            Columbia, Missouri 65211             )
and                                              )
                                                 )
PAMELA Q. HENDRICKSON,                           )
Member of the University                         )
of Missouri Board of                             )
Curators, in her official capacity,              )
                                                 )
Serve:      Pamela Q. Hendrickson                )
            University of Missouri-Columbia      )
            316 University Hall                  )
            Columbia, Missouri 65211             )
                                                 )
and                                              )

- 2 -

JOHN R. PHILLIPS,                                )
Member of the University                         )
of Missouri Board of Curators,                   )
in his official capacity,                        )
                                                 )
                                                 )
Serve:     John R. Phillips                      )
           University of Missouri-Columbia       )
           316 University Hall                   )
           Columbia, Missouri 65211              )

and

                                                 )
PHILLIP H. SNOWDEN,                              )
Member of the University of Missouri             )
Board of Curators, in his official capacity,     )
                                                 )
Serve:     Phillip H. Snowden                    )
           University of Missouri-Columbia       )
           316 University Hall                   )
           Columbia, Missouri 65211              )

and                                              )
                                                 )
DAVID L. STEELMAN,                               )
Member of the University                         )
of Missouri Board of                             )
Curators, in his official capacity,              )
                                                 )
Serve:     David L. Steelman                     )
           University of Missouri-Columbia       )
           316 University Hall                   )
           Columbia, Missouri 65211              )

and                                              )
                                                 )
NATHAN SANCHEZ,                                  )
Police Officer for the University of             )
Missouri – Columbia Police Department,           )
in his individual capacity,                      )
                                                 )
Serve:     Nathan Sanchez                        )
           901 Virginia Avenue                   )
           Columbia, MO 65211                    )

and                                              )
                                                 )

- 3 -

JACOB CLIFFORD                                             )
Police Officer for the University of                      )
Missouri – Columbia Police Department,                    )
in his individual capacity,                               )
                                                          )
Serve:     Jacob Clifford                                 )
           901 Virginia Avenue                            )
           Columbia, Missouri 65211                       )
and                                                       )
                                                          )
BUDDY ANLIKER,                                            )
Police Officer for the University                         )
of Missouri – Columbia Police Department,                 )
in his individual capacity,                               )
                                                          )
Serve:     Buddy Anliker                                  )
           901 Virginia Avenue                            )
           Columbia, Missouri 65211                       )
and                                                       )
                                                          )
JOHN DOE,                                                 )
Police Officer for the University                         )
of Missouri – Columbia Police Department,                 )
in his individual capacity,                               )
                                                          )
Serve:     John Doe                                       )
           901 Virginia Avenue                            )
           Columbia, Missouri 65211                       )
                                                          )
and                                                       )
                                                          )
BERNARD DIGGS, Director                                   )
Office of MSC Operations                                  )
Millennium Student Center                                 )
University of MO-St. Louis                                )
One University Dr.                                        )
St. Louis, MO 63121                                       )
                                                          )
                                                          )

**PETITION**

- 4 -

## CIVIL RIGHTS ACTION FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF FOR VIOLATION OF THE CAMPUS FREE EXPRESSION ACT, MO. REV. STAT. §173.1550; AND VIOLATION OF THE FIRST, FOURTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, 42 U.S.C. 1983

### Preliminary Statement

1.      This is a civil rights action for acts taking place on the St. Louis and Columbia campuses of the University of Missouri in which Plaintiff Richard Hershey seeks relief for violation of the Campus Free Expression Act, Mo. Rev. Stat. §173.1550 (2015) (CFEA), and for violation of the First and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. §1983. Plaintiff seeks declaratory and injunctive relief, compensatory and statutory damages, an award of costs and attorney's fees, and such further relief as this Court deems just and fair.

### Jurisdiction

1.      This Court has jurisdiction over claims brought under the Missouri Campus Free Expression Act, Mo. Rev. Stat.§173.1550, as a court of "competent jurisdiction" to hear civil actions between Missouri residents regarding state law. This Court has jurisdiction to order declaratory relief under Mo. Rev. Stat. §527.010.

2.      This Court has personal jurisdiction over the individual parties because all individual parties are residents of the state of Missouri. This Court has jurisdiction over The Curators of the University of Missouri (the legal name of the University), see Mo. Rev. Stat. §172.020, because the Campus Free Expression Act provides for a private cause of action against Missouri public institutions of learning, such as the University, by persons whose "expressive rights were violated through a violation of" the CFEA.

- 5 -

3.      This Court has concurrent jurisdiction with the federal court over Hershey's

claim under 42 U.S.C. §1983, for violation of the federal constitution. *See Shapiro v.*

*Columbia Union Nat'l Bank & Trust Co.*, 576 S.W.2d 310, 316 (Mo. banc 1978).

**Venue**

4.      Venue is proper in this Court because Hershey resides in St. Louis County,

all defendants reside in the State of Missouri, Defendants Maurice B. Graham and, upon

information and belief, Chancellor Thomas F. George, reside in St. Louis County, the St.

Louis campus of the University of Missouri is in St. Louis County, and some of the acts

alleged occurred in St. Louis County.  Mo. Rev. Stat. §508.010.

**Parties**

5.      Hershey is a citizen of the United States and a resident of St. Louis County

in the state of Missouri.

6.      Defendant The Curators of the University of Missouri is the corporate name

of the state university known as The University of Missouri, which has campuses in

Columbia, St. Louis, Kansas City, and Rolla, Missouri. *See* Mo. Rev. Stat. §172.020.

7.      Defendant Michael A. Middleton is the Interim President of the University

of Missouri system and at all relevant times acted under color of law in the course and

scope of his duties as a duly appointed and acting policymaker, officer, servant,

employee, and agent of the University.  President Middleton is named in his official

capacity.

8.      Defendant Dr. Henry C. Foley is the Interim Chancellor of the University

of Missouri – Columbia campus, and at all times relevant acted under color of law in the

- 6 -

course and scope of his duties as a duly appointed and acting policymaker, officer, servant, employee, and agent the University.  Chancellor Foley is named in his official capacity.

9.      Defendant Thomas F. George is the Chancellor of the University of Missouri – St. Louis campus, and at all times relevant acted under color of law in the course and scope of his duties as a duly appointed and acting policymaker, officer, servant, employee and agent of the University.  Chancellor George is named in his official capacity.

10.      Donald L. Cupps, Maurice B. Graham, Pamela Q. Hendrickson, John R. Phillips, Phillip H. Snowden, and David L. Steelman are members of the University Board of Curators and were acting under color of law in the course and scope of their duties as duly appointed and acting policymakers, officers, servants, and agents of the University.  Defendants Cupps, Graham, Hendrickson, Phillips, Snowden, and Steelman are named in their official capacities and are referred to collectively as the Board of Curators.

11.      Defendant Nathan Sanchez was at all relevant times employed as a police officer for the University on the Columbia campus and was acting under color of state law in the course and scope of his duties as an agent and employee of the University. Officer Sanchez is named in his individual capacity.

12.      Defendant Jacob Clifford was at all relevant times employed as a police officer for the University on the Columbia campus and was acting under color of state

- 7 -

law in the course and scope of his duties as an agent and employee of the University.
Officer Clifford is named in his individual capacity.

13.     Defendant Buddy Anliker was at all relevant times employed as a police
officer for the University on the Columbia campus and was acting under color of state
law in the course and scope of his duties as an agent and employee of the University.
Officer Anliker is named in his individual capacity.

14.     Defendant John Doe was at all relevant times employed as a police officer
for the University on the Columbia campus and was acting under color of state law in the
course and scope of his duties as an agent and employee of the University.  Officer Doe is
named in his individual capacity.

15.     Defendant Bernard Diggs was at all relevant times employed as Director of
the Office of MSC Operations for the University of Missouri – St. Louis and was acting
under color of state law in the course and scope of his duties as an agent and employee of
the University.  Director Diggs is named in his individual capacity.

<div align="center">

**Facts in Common to All Counts**

**Hershey's Arrest for Distribution of Literature**

</div>

16.     Hershey is a vegetarian advocate whose ethical beliefs compel him to share
his message, which he does by distributing free, noncommercial literature, for which he is
compensated by various not-for-profit advocacy organizations.

17.     On February 17, 2016, Hershey was lawfully on the public sidewalk at 900
Virginia Avenue on the Columbia campus of the University for the purpose of

<div align="center">

- 8 -

</div>

distributing free, noncommercial, educational booklets in support of Hershey's strongly held vegetarian beliefs.

18.     Virginia Avenue and its adjacent sidewalks, including the areas where Hershey was distributing his literature, are outdoor areas of the Columbia campus and contiguous to and indistinguishable from Columbia city streets and therefore traditional public fora.

19.     At no time while Hershey was on the Columbia campus to distribute literature on February 17, did he ever create a disturbance, interfere with pedestrian or other traffic, violate any law, or disrupt the functioning of the University.

20.     The University dining hall "Plaza 900" is located at 900 Virginia Avenue, and was open for business during Hershey's entire presence outdoors at 900 Virginia Avenue.

21.     Shortly after Hershey began to distribute his literature, Officer Sanchez approached him and requested a copy of Hershey's booklet, which Hershey gave him.

22.     After reviewing the booklet, Officer Sanchez, arbitrarily, in retaliation based on the content of the booklet, and in violation of the clearly established protections of the CFEA and the First Amendment, advised Hershey that he was prohibited from distributing his booklets on the sidewalk at 900 Virginia Avenue.

23.     Hershey asserted his right to remain and continue to peaceably distribute his literature outdoors on the sidewalk at 900 Virginia Avenue.

24.     Officer Sanchez then arrested Hershey and handcuffed Hershey behind his back for approximately forty-five minutes.

- 9 -

25.     Officer Sanchez's handcuffing of Hershey caused him physical injuries that required medical treatment.

26.     During Hershey's entire interaction with Officer Sanchez, Hershey was entirely peaceable and never resisted arrest, an arrest that Hershey knew to be unlawful.

27.     Officer Sanchez then searched Hershey's person without Hershey's consent and without cause, probable cause or reasonable suspicion that a crime had been or was about to be committed.

28.     Officer Sanchez then confined Hershey in the rear seat of a University Police vehicle, forcing Hershey to remain in an awkward and uncomfortable position bent forward while handcuffed behind his back while sitting on a rigid bench seat without any seat cushions for approximately thirty minutes.

29.     Officer Sanchez issued a citation to Hershey for trespassing first degree at 900 Virginia Avenue, which was an entirely false allegation, and the charge was refused by the Columbia Prosecuting Attorney.  (Copy of trespassing citation attached and marked Exh. 1.)

30.     Officer Sanchez told Hershey that he was banned from the Columbia campus for one year and that Hershey would be arrested if he returned to campus within one year.

31.     Hershey has not returned to the Columbia campus of the University since February 17, 2016.

32.     Officer Clifford was present and acquiesced to and joined with Officer Sanchez in arresting, detaining, handcuffing, searching, holding, charging, and injuring

- 10 -

Plaintiff without cause, probable cause, or reasonable suspicion that a crime had been or was about to be committed.

### Prior Interference with Hershey's First Amendment rights

33.    Hershey has also distributed free, noncommercial, educational booklets in support of his strongly held vegetarian beliefs and on behalf of nonprofit 501(c)(3) organization at tables at events held on the St. Louis campus of the University.

34.    The St. Louis campus charges for tables and Director Diggs has arbitrarily, and based on the content and viewpoint of Hershey's literature, charged him more than other groups:  In the spring of 2010 and continuing each semester thereafter until spring of 2014, the Director Diggs charged Hershey $100 for a table but charged the St. Louis Animal Rights Team $50.  (See attached Exh. 2.)  In May, 2014, Director Diggs charged Hershey $200 for a table but charged for-profit organization Joyce Manufacturing $125.

35.    Prior to the violations of February 17, 2016, Columbia campus police had interfered with and prevented Hershey from distributing literature.

36.    On April 26 and September 1 of 2011, Plaintiff was lawfully on the city public sidewalk along Hitt Street on the Columbia campus of the University for the purpose of distributing free, noncommercial, educational booklets in support of his strongly held vegetarian beliefs and on behalf of nonprofit 501(c)(3) organization.

37.    Hitt Street and its adjacent sidewalks, including the areas where Hershey was distributing his literature, are either Columbia city streets and sidewalks or

contiguous to and indistinguishable from Columbia city streets and therefore are traditional public fora.

38.     At no time on April 26, 2011 or September 1, 2011, did Hershey ever create a disturbance or interfere with pedestrian or other traffic or violate any law or interfere with University operations.

39.     On April 26, 2011, shortly after Hershey began to distribute booklets, Officer Anliker approached him and asked to see a copy of the booklets that Hershey was distributing.

40.     After reviewing the booklet, Officer Anliker arbitrarily, and in response to the content in the booklet, advised Hershey that he was prohibited from distributing the booklets on the sidewalk along Hitt Street.

41.     Fearful of arrest, Hershey immediately complied with the directive to cease handing out his booklets, even though Hershey knew the directive was unlawful.

42.     Officer Anliker then ordered Hershey to vacate the area, stating "Sooner or later somebody is going to complain."

43.     Fearful of arrest, Hershey immediately complied with the directive to vacate the area without further distributing his literature, even though Hershey knew the directive was unlawful.

44.     Hershey subsequently filed two formal complaints with the University Columbia campus police via online complaint processes on and before May 5, 2011. (Copy of complaint attached as Exh. 3.)

- 12 -

45.   The University campus police replied to the complaints, telling Hershey that the Columbia campus police would train its department regarding free speech on sidewalks along Columbia city streets.

46.   On September 1, 2011, Plaintiff Hershey was again lawfully on the city public sidewalk along Hitt Street on the Columbia campus of the University for the purpose of distributing free, noncommercial, educational booklets in support of his strongly held vegetarian beliefs and on behalf of nonprofit 501(c)(3) organizations.

47.   Shortly after Hershey began to distribute booklets on September 1, Hershey was approached by Officer Doe, who asked to see a copy of Hershey's booklets.

48.   After reviewing the booklet, the officer arbitrarily, and in response to the content of the booklet, told Hershey that he was prohibited from distributing his booklets on the sidewalk along Hitt Street.

49.   Additional campus police arrived in their vehicles and, along with the first officer, remained in close proximity to Hershey for approximately thirty minutes.

50.   The heavy police presence during that time interfered with Hershey's lawful activities by deterring students from accepting Hershey's booklets

51.   Hershey made a complaint to the Columbia campus police about Officer Doe and about the campus police failing to train its officers regarding free speech on sidewalks along Columbia city streets, as it had said it would do in response to Hershey's earlier online complaints.  (?Copy attached as Exh. 5? Do we have a copy of this complaint?)

- 13 -

52.   Campus police failed to respond to Hershey's complaint about the September 1, 2011, incident.

## COUNT I

### VIOLATION OF THE CAMPUS FREE EXPRESSION ACT
### ON FEBRUARY 17, 2016

53.   Hershey incorporates as if fully set out paragraphs 1-51.

54.   The Campus Free Expression Act, which became effective on August 28, 2015, prevents Missouri public institutions of higher education from restricting the freedom of expression of the public.  *See* Mo. Rev. Stat. §173.1550 (2015).

55.   The University of Missouri is a public institution of higher education.

56.   Under the CFEA, §173.1550.2, "the outdoor areas of campuses of public institutions of higher education in this state shall be deemed traditional public forums."

57.   In a "traditional public forum," the public has the greatest freedom of expression, and the government is permitted only to impose content-neutral time, place, and manner restrictions that serve a significant government interest, are narrowly tailored to advance that interest, and leave open ample alternative channels of communication. *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989); *see* Mo. Rev. Stat. §172.1550.2.

58.   The CFEA further directs that "[a]ny person who wishes to engage in noncommercial expressive activity on campus shall be permitted to do so freely, as long as the person's conduct is not unlawful and does not materially and substantially disrupt the functioning of the institution." Mo. Rev. Stat. §172.1550.3.

- 14 -

59.     The CFEA specifically names the "distribution of literature" as one of the "[e]xpressive activities protected under [its] provisions." 172.1550.1.

60.     Defendants The Curators of the University of Missouri, Chancellor Foley, President Middleton, the Board of Curators, and Officers Sanchez and Clifford, violated Hershey's rights under the CFEA in the following respects:

    A.     By preventing Hershey from freely engaging in noncommercial expressive activity by distributing literature in an outdoor area of the campus as protected by the CFEA.  Mo. Rev. Stat. §172.1550.

    B.     By arresting, handcuffing, searching, confining, and injuring Hershey without cause, probable cause, or reasonable suspicion, in response to and in retaliation for Hershey engaging in one of the "[e]xpressive activities" specifically "protected under [the CFEA's] provisions," namely,  the "distribution of literature." Mo. Rev. Stat. §172.1550.1.

    C.     By issuing a trespassing citation to Hershey and stating that he was banned from the Columbia campus of the University for one year and threatening him with arrest  if he returned to the campus during the year, in response to and in retaliation for Hershey engaging noncommercial expressive activity specifically protected by the CFEA, namely, "distribution of literature." Mo. Rev. Stat. §172.1550.1.

61.     Section 173.1550.5 provides for an award to Hershey of compensatory damages, costs and attorney fees for redressing Hershey's protected rights.

- 15 -

62.     Section 173.1550.6 provides that the court shall award "no less than $500 for the initial violation and $50 per day for each additional day that the University is in violation of the CFEA."

63.     As a proximate cause of the violations of the CFEA by Defendants The Curators of the University of Missouri, Chancellor Foley, President Middleton, the Board of Curators, and Officers Sanchez and Clifford, Hershey was damaged in the following respects:

       A.     Personal and psychological injuries

       B.     Denial of his right of expression under the CFEA and First Amendment to the United States Constitution.

       C.     Denial of his Fourth Amendment right to be free from unlawful arrest, search, seizure, and excessive force.

       D.     Embarrassment and humiliation.

       E.     Lost wages

       F.     Medical expenses.

       G.     Pain and suffering

**WHEREFORE,** Plaintiff Hershey prays for judgment against Defendants The Curators of the University of Missouri, President Middleton, Chancellor Foley, the Board of Curators, Defendant Officers Sanchez and Clifford for compensatory damages for physical and emotional injuries, medical expenses, pain and suffering, embarrassment, humiliation, and lost wages, for statutory damages of at least at $500 for the first day of each violation, February 17, 2016, and at least $50 for each day that each violation is

- 16 -

ongoing, and, in addition, for at least $50 for each day since February 17, 2016, that

Hershey is banned from the University, for attorney's fees, and costs, and for such other

and further relief that the court deems just and proper.

Hershey further requests a declaratory judgment finding that the CFEA protects

Plaintiff's right to engage in peaceable distribution of noncommercial leaflets in outdoor

areas of all University of Missouri campuses and injunctive relief under §173.1550.5,

enjoining the Curators of the University of Missouri and all of the Defendants from

interfering with Hershey's right to freely engage in noncommercial expressive activity as

protected by the CFEA and First Amendment, including but not limited to distribution of

literature, on all of its campuses, and any other declaratory or injunctive relief that the

court deems just and proper.

## COUNT II

### VIOLATION OF THE CAMPUS FREE EXPRESSION ACT
### UNLAWFUL UNIVERSITY POLICIES

64.    Hershey incorporates as if fully set out paragraphs 1-62.

65.    For the last nine years, Hershey has regularly distributed free,

noncommercial literature in support of his strongly held vegetarian beliefs, on the St.

Louis campus of the University, for which he has been compensated by various non-

profit advocacy groups.

66.    Hershey has been required to obtain a permit before distributing literature

on the St. Louis campus.  Hershey desires to and intends to continue to distribute his

noncommercial literature on the St. Louis campus.

- 17 -

67.     Hershey also has distributed his free noncommercial literature on the Columbia campus of the University, for which distribution he is compensated by various not-for-profit advocacy organizations.  Hershey desires to resume distributing noncommercial literature on the Columbia campus.

68.     Because Hershey has distributed and intends to continue to distribute literature on University campuses, he has and is affected by University regulations that unlawfully restrict his right to free expression under the CFEA and the First Amendment, and he therefore has standing to challenge those regulations.

69.     The Board of Curators, pursuant to Mo. Rev. Stat. §172.100, adopted a regulation governing the use of University facilities and equipment, Univ. Mo. Reg. §110.010 (Copy attached as Exh. 7), and that regulation remains in effect and is published on the University website.

70.     Section 110.010 of the University's regulations violates the CFEA as follows:

A. Subsection 110.010.B(1) requires individuals "not connected with the University," such as Hershey, to obtain written permission of the Chancellor to "use" the buildings or grounds, and thus violates Hershey's rights under the CFEA by:

1.     Imposing a prior restraint requiring permission and giving unfettered discretion to a decision maker to determine whether to allow "use" of the campus grounds which is forbidden on public fora. *See Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750, 757 (1988).

- 18 -

2.   Failing to comply with CFEA requirement that any time, place, and manner restriction provide "clear, published, content, and viewpoint-neutral criteria," provide "alternative means of expression," and serve a significant institutional interest.

3.   Failing to comply with the CFEA directive that "[a]ny person who wishes to engage in noncommercial expressive activity on campus be permitted to do so freely," Mo. Rev. Stat. 173.1550.3.

B.  Subsection 110.010B(2) requires that "[w]ritten permits ... be secured in advance from the Chancellor" for temporary use of the University grounds for purposes other than regularly schedule classroom work and thus violates Hershey's rights under the CFEA by

1.   Imposing a prior restraint requiring a permit and giving unfettered discretion to a decision maker to determine whether to allow "use" of the campus grounds which is forbidden on public fora. *See Lakewood*, 486 U.S. at 757.

2.   Failing to comply with CFEA requirement that any time, place, and manner restriction provide "clear, published, content, and viewpoint-neutral criteria," provide "alternative means of expression," and serve a significant institutional interest.

3.   Failing to comply with the CFEA directive that "[a]ny person who wishes to engage in noncommercial expressive activity on campus be permitted to do so freely," Mo. Rev. Stat. 173.1550.3.

- 19 -

C.  Subsection 110.010.E(3), provides that members of the public, such as Hershey, "who are on University property without specific permission or authorization or without an appropriate purpose may be deemed guilty of trespass." A person "shall be deemed to be 'without specific permission or authorization' from and after such time as they are asked to leave the property." *Id.* Under the provision, a person "shall be deemed to be on University property 'without an appropriate purpose' whenever their presence is not reasonably related to the University's educational function, or an approved University related extracurricular activity." *Id.*. The provision thus violates Hershey's rights under the CFEA by:

1.   Granting unfettered discretion to an unnamed person to impose punishment on Hershey and others for exercising his rights under the CFEA by deeming them guilty of trespass, which encourages and emboldens University employees to engage in the type of conduct perpetrated against Hershey when he attempted to exercise his rights under the CFEA on February 17, 2016.

2.   Prohibiting, or severely restricting, the access of Hershey and other non-University persons to a traditional public forum.

3.   Imposing a purpose and content requirement in a traditional public forum by requiring the presence of non-university persons to be "reasonably related to the University's educational function."

B.  Lost wages.

C.  Denial of his Fourth Amendment right to be free from unlawful arrest, search, seizure, and excessive force.

D.  Embarrassment and humiliation.

E.  Personal and psychological injuries.

F.  Pain and suffering.

G.  Medical bills.

**WHEREFORE,** Plaintiff Richard Hershey prays for judgment against Defendants The Curators of the University of Missouri, President Middleton, Chancellors Foley and George, and the Board of Curators for damages for violation of his rights under the CFEA and the First Amendment, personal and psychological injuries, embarrassment and humiliation, lost wages, medical bills, pain and suffering and other compensatory damages and statutory damages in an amount of at least $500 for the first day of each violation, August 28, 2015, and at least $50 for each day that each violative policy remains in effect, for attorney's fees, costs, and such other relief that the court deems just and proper.

Hershey further requests a declaratory judgment stating that Univ. Mo. Reg. 110.010B(1) &(2) and 110.010.E(3) are void and have no force and effect, and an injunction under §173.1550.5, enjoining The Curators of the University of Missouri, President Middleton, Chancellors Foley and George, and the Board of Curators from continuing to publish and enforce Univ. Mo. Reg. 110.010.B(1)&(2) and 110.010.E(3), and for such further declaratory and injunctive relief that the court deems just and proper.

**COUNT III**

**CLAIM FOR VIOLATION OF THE FIRST, FOURTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. 1983.**

76.     Hershey incorporates as if fully set out paragraphs 1-74 above.

77.     Prior to, and continuing after, passage of the CFEA, Hershey had a right under the First and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. 1983, to distribute literature on the public sidewalks on the Columbia campus of the University, including Hitt Street and at 900 Virginia Avenue because such areas were and are public fora that forbid restrictions or permit only limited restrictions on expression under the First Amendment.

78.     The conduct of Officers Sanchez and Clifford on February 17, 2016, violated Hershey's clearly established right to freedom of expression under the First, Fourth, and Fourteenth Amendments to the United States Constitution by interfering with and preventing him from exercising his right of speech and retaliating against him for exercising and attempting to exercise his First Amendment right of speech.

79.     The conduct of Officer Anliker on April 26, 2011, and Officer Doe on September 1, 2011, violated Hershey's clearly established right to freedom of expression under the First and Fourteenth Amendments to the United States Constitution by interfering with and preventing him from exercising his First Amendment right of speech.

80.     The conduct of Director Diggs at the St. Louis campus of the University in charging a lower table rate to others distributing literature than to Hershey violated his

- 23 -

First Amendment speech rights by discriminating against his expression on the basis of content and viewpoint. The violation further damaged him financially and, by eventually discouraging him from renting a table, resulted in lost wages.

81.     The conduct of Officers Sanchez and Clifford on February 17, 2016, in interfering with and preventing Hershey from exercising his First Amendment speech rights and retaliating against him for the exercise of his First Amendment rights violated Plaintiff Hershey's clearly established rights under the First and Fourteenth Amendment by arbitrarily preventing Hershey from exercising his First Amendment privilege to speak by distributing literature and by retaliating against Hershey for exercising or seeking to exercise his First Amendment rights by arresting him, searching him, detaining him, confining him, handcuffing him, and injuring him, all without probable cause or reasonable suspicion that a crime had been or was about to be committed, all in violation of the First, Fourth, and Fourteenth Amendments.

82.     Defendants President Middleton, Chancellor Foley and George, Board of Curators interfered with Hershey's exercise of his First Amendment rights by official policy, by regulations, by unofficial policy, by failure to have a policy, or by acquiescence in the arbitrary and capricious denial of Hershey's rights by University officials acting under color of state law in their official capacities as police officers of the Columbia campus of the University.

83.     As a proximate cause of Officers Sanchez and Clifford's violations of the First, Fourth, and Fourteenth Amendments on February 17, 2016, Hershey was damaged in the following respects:

- 24 -

    a.    Personal and psychological injuries

    b.    Denial of his right of expression under the First Amendment to the United States Constitution.

    c.    Denial of his Fourth Amendment right to be free from unlawful arrest, search, seizure, and excessive force.

    d.    Embarrassment and humiliation.

    e.    Lost wages

    f.    Medical expenses.

    g.    Pain and suffering

84.    As a proximate cause of Officers Anliker and Doe's violations of the First Amendment in 2011, Hershey was damaged in the following respects:

    a.    Denial of his right of expression under the First Amendment to the United States Constitution.

    b.    Embarrassment and humiliation.

    c.    Lost wages

85.    As a proximate cause of Defendant Diggs violations of Hershey's First Amendment rights, Hershey has been damaged in the following respects:

    a.    Excessive fees

    b.    Lost wages

**WHEREFORE,** Plaintiff Richard Hershey prays for judgment against Defendant Officers Sanchez and Clifford in their individual capacities for damages for physical and emotional  injury, pain and suffering, humiliation, embarrassment, lost

- 25 -

wages, and other damages; for judgment against Officers Anliker and Doe for damages

for emotional injury, humiliation, embarrassment, lost wages, and other damages; for

judgment against Officers Sanchez, Clifford, Anliker, and Doe for costs and attorney's

fees under 42 U.S.C. 1988, and for such other and further relief as this court deems just

and proper.

In addition, Hershey requests a declaratory judgment and injunctive relief against

Defendants President Middleton, Chancellor Foley, and the Board of Curators, all in their

official capacities, finding that the First and Fourteenth Amendments protect Plaintiff's

right to engage in peaceable distribution of noncommercial leaflets in public areas of all

University of Missouri campuses, including Columbia and St. Louis, that the First and

Fourth Amendment protects Plaintiff's right of access to indoor areas made available for

expressive activities without content or viewpoint discrimination, and enjoining these

defendants from interfering with Hershey's exercise of his First Amendment rights, for

costs and attorney's fees pursuant to 42 U.S.C. § 1988, and for such other and further

relief as this Court deems just and proper.

<div style="margin-left: 40%;">

Respectfully submitted,

**SCHWARTZ, HERMAN & DAVIDSON**

By: _Robert Herman_____

Robert Herman, #32376
8820 Ladue Road, Suite 201
St. Louis, Missouri 63130
Ph: 314/862-0200
Fx: 314/862-3050
Email: bherman@laduelaw.com
*Attorney for Plaintiff, Richard Hershey*

</div>

# FILED

APR 2 5 2016

**JOAN M. GILMER**
CIRCUIT CLERK, ST. LOUIS COUNTY

**EXHIBIT**

**1**



ORI NO. MO 0100400
UNIVERSITY OF MO. POLICE DEPT.
COLUMBIA, MO 65211

**16SL-CC01581**

**151114786**

UNIFORM CITATION

STATE OF MISSOURI
IN THE CIRCUIT COURT OF — BOONE — COUNTY — DIVISION

COURT ADDRESS (STREET, CITY, ZIP)
600 E. BROADWAY, Columbia MO 65201

COURT DATE 3/24/16   COURT TIME 1:30 PM   COURT PHONE NO. 573.874.7230

I, KNOWING THAT FALSE STATEMENTS ON THIS FORM ARE PUNISHABLE BY LAW, STATE THAT I HAVE PROBABLE CAUSE TO BELIEVE THAT:

ON/ABOUT (DATE) 2/21/16 AT TIME 1:51 HRS   HWY CLASS   UPON/AT OR NEAR (LOCATION) Apt

WITHIN CITY/COUNTY AND STATE AFORESAID:

NAME (LAST, FIRST, MIDDLE)

STREET ADDRESS   LEISURE CN

CITY   STATE   ZIP CODE

DATE OF BIRTH   RACE   SEX M   HEIGHT   WEIGHT

DRIVER'S LIC. NO.   COL YES NO   STATE

EMPLOYER

ADDRESS (STREET, CITY, STATE, ZIP)

DID UNLAWFULLY: OPERATE/DRIVE PARK C.M.V. WITH HAZ MAT

VEHICLE: YEAR MAKE MODEL STYLE COLOR

REGISTERED WEIGHT   NUMBER   STATE   YEAR

DID THEN AND THERE COMMIT THE FOLLOWING OFFENSE. THE FACTS SUPPORTING THIS BELIEF ARE AS FOLLOWS:

Trespassing 1st Degree by remaining on real property after warning

Subject taken into custody. (Complete "For Issuance of a Warrant" section on reverse side.)

DRIVING   POSTED SPEED LIMIT   DETECTION METHOD

IN VIOLATION OF STATUTE/ORDINANCE – CHARGE CODE

SEAT BELT VIOLATION: STATUTE/ORDINANCE – CHARGE CODE

IN FATAL CRASH   IN CRASH   DWI/BAC   DCN

OFFICER   BADGE   TRP/ZONE   DATE

ON INFORMATION, UNDERSIGNED PROSECUTOR CHARGES THE DEFENDANT AND INFORMS THE COURT THAT ABOVE FACTS ARE TRUE AND PUNISHABLE BY:

PROSECUTOR'S SIGNATURE   DATE

I PROMISE TO DISPOSE OF THE CHARGES OF WHICH I AM ACCUSED THROUGH COURT APPEARANCE OR PREPAYMENT OF FINE AND COURT COSTS.

SIGNATURE

MO (00-0051 (2-15)   **VIOLATOR'S COPY**

**16SL-CC01581**

**FILED**

APR 2 5 2016

**JOAN M. GILMER**
CIRCUIT CLERK, ST. LOUIS COUNTY

Scheduling Office
University of Missouri-St. Louis
8001 Nat. Bridge Rd, 218 Millennium Student Center
St. Louis MO  63121

(314) 516-5264 / (314) 516-5320

**EXHIBIT**

**2**

## INVOICED PAID BY CHECK

**Customer**

MARE E FLORETNINO
ST. LOUIS ANIMAL RIGHTS TEAM
P.O. BOX 440161
ST. LOUIS, MO  63144

41060
**Reservation:**
Event Name:

Status:
Phone:
Event Type:

PUPPY MILL CRUELTY
PREVENTION
CONFIRMED
314-706-9599
INFORMATION TABLE

Bookings / Details
PAYMENT METHOD (Due Date: 3/23/2010 Completed On: 3/23/2010)
  canceled

|  | Quantity | Price | Amount |
|---|---|---|---|

**Thursday, March 25, 2010**
**9:00 AM - 4:00 PM PUPPY MILL CRUELTY PREVENTION  (CONFIRMED) MC LOBBY A1**
  Reserved: 8:00 AM - 5:00 PM
  1 Table; Two Chairs
  Remarks:
    NON FOR PROFIT ID# ~~XXXXXXXX~~

  Paid by Check 1209
  St. Louis Animal Rights Team, Inc
  PO Box ~~XXXX~~
  St. Louis, MO  63144
  314-851-0928

  Amount of $50.00  fwd payment to Tiara on  3-29-10

| MSC Room Charge: | | | |
|---|---|---|---|
| MSC LOBBY | 1 | $50.00 | $50.00 |
| Subtotal | | | $50.00 |
| Grand Total | | | $50.00 |

*Thank You*

3/29/2010 2:30 PM SH

Page 1 of 1

16SL-CC01581

# FILED

APR 2 5 2016

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

**Complaint/Allegation Form**
**University of Missouri-Columbia Police Department**
**(Please Print or Type)**

EXHIBIT
3

*Note: Identifying Information is optional as complaints may be submitted anonymously.*

NAME: _Richard Hershey____
CAN BE CONTACTED AT: PHONE 1 ( 314  ) _994-9977_____
                    PHONE 2 (      ) _____

ADDRESS: _1031 Leisure Lane, St. Louis, MO  63146_____

WORK PHONE: ( 314   ) _994-9977_____

BRIEFLY STATE THE NATURE OF THE ALLEGATION (What is it the employee is alleged to have done, or failed to do; what were the conditions or circumstances at the time; and what resulted).

On April 26, 2011 at approximately 16:00, I was peaceable handing out noncommercial, free educational booklets to pedestrians that were interested on the sidewalk along Hitt Street between Rollins Street and University Avenue during which time Lieutenant Anliker observed me for several minutes from his patrol car while parked nearby on Hitt Street just southeast of my position. The Lieutenant then exited his vehicle and approached me on foot. He asked what I was handing out and so I gave him one of my booklets. After reviewing the booklet, the Lieutenant informed me that I was not allowed to hand out my booklets without University permission and ordered me to cease what I was doing. Although his order was unlawful, I complied for fear of arrest.

I asked the Lieutenant if the street (which was open to traffic) was owned by the City of Columbia or by the University.  The Lieutenant replied that the street was owned by the City but that the campus police were authorized by the City for law enforcement on the street.  I pointed out that if the street was owned by the City, then the sidewalk on which I was standing along the street was also a City sidewalk and I had a right to hand out my literature there.  The Lieutenant stated as the reason for ordering me to cease "Because sooner or later there will be a complaint." The Lieutenant again ordered me to vacate so I forfeited my First Amendment protected right to speech and vacated the street under fear of arrest.

The booklets address relevant social issues and peaceably distributing them constitutes the highest form of First Amendment protected speech.  If campus police officers are authorized to enforce the law on City streets, then they are also bound to uphold the US Constitution on those streets, and certainly bound not to violate my Constitutional and Civil rights or the rights of other persons seeking to peaceable distribute literature.

When distributing booklets on city sidewalks or on college and university campuses, I am peaceable, am not disruptive, do not use amplified sound, do not draw a crowd, do not place booklets on parked vehicles, do not obstruct foot-traffic or the entrances to buildings, and do not otherwise create a disturbance. The only problem on the 26th regarding my leafleting was the unlawful interference I encountered from Lieutenant Anliker.

Lieutenant Anliker (a) failed to uphold the United States Constitution and Missouri Constitution, and (b) violated my rights under the First and Fourteenth Amendments to the US Constitution, and Article I, Section 8 of the Missouri Constitution.   Further, since he acted on behalf of the University in his Official capacity as police lieutenant, the University also has violated my Constitutional and Civil rights because of his unlawful conduct.

(Office Use Only)

-------------------------------------------------------------------------------------------------------

DATE RECEIVED: _____
RECEIVED BY: _____
POSITION: _____
HOW RECEIVED:   ( ) In Person   ( ) By Phone   ( ) E-mail    ( ) Other
DATE SENT TO INTERNAL AFFAIRS (Administrative Support Commander):_____

USE:
This form is to be completed for any allegation charged against an employee.  The original copy shall be reviewed for internal affairs purposes and then filed according to procedure.  A copy should be given or sent to the complainant once it is received by the department.
   **(Forms may be mailed or returned to 901 Virginia Avenue, Columbia, MO 65211)**

# FILED

**16SL-CC01581**

APR 2 5 2016

**JOAN M. GILMER**
**CIRCUIT CLERK, ST. LOUIS COUNTY**

**EXHIBIT**
**4**

**From:** Richard Hershey [mailto:clickrick@sprintmail.com]
**Sent:** Friday, September 02, 2011 7:08 AM
**To:** WeimerB@missouri.edu
**Cc:** Watring, Jack W. (WatringJ@missouri.edu); Jack Norris (jacknorris3@gmail.com)
**Subject:** Ongoing First Amendment violations at Mizzou

Dear Captain Weimer,

Your police department once again interfered with my First Amendment protected leafleting activities yesterday, September 1, 2011 at approximately 1745 on the City sidewalk along Hitt Street. Your officer informed me that the sidewalk was University property and informed me that I had to leave. Unlike last May, this time I did not vacate as the officer requested.

As I recall when we spoke on the phone last May, I believe that you had informed me that you were going to train your department regarding free speech on City sidewalks. In light of yesterday's experience, I respectfully submit that both the way you handled my complaint about the Lieutenant, as well as the training that I had understood was supposed to be implemented, were inadequate.

Further, I checked yesterday as to the location of the trash receptacles adjacent to Lowery Mall that I had recovered booklets from last May. The receptacles are located on the sidewalk along Hitt Street, and not up on the stairs to the mall. Therefore, when recovering the booklets, I was not on Lowery Mall as the Lieutenant and you had alleged. Even if I had stepped onto the mall to recover booklets on the ground that others had discarded, doing so does not constitute handing out booklets on University property, but is instead a courtesy to the University.

Thank you in advance for your attention to this matter.

Sincerely,

Richard Hershey

**FILED**

APR 2 5 2016

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

**16SL-CC01581**

**University of Missouri System**
COLUMBIA | KANSAS CITY | ROLLA | ST.LOUIS

**EXHIBIT**

**5**

Chapter 110: Use of Facilities and Equipment

# 110.010 Regulations

Bd. Regs. Book dated 12-10-49, pp. 70-76; Bd. Min. 7-22-65, p. 30,624; Bd. Min. 9-26-69, p. 34,751; Bd. Min. 5-18-73, p. 36,693; Amended Bd. Min. 11-19-82; Revised Bd. Min. 9-16-88.

A. **Facilities and Equipment** -- Unless otherwise specifically ordered by the Board, the President of the University may assign or reassign sites of the University for use by the University or any campus thereof. The use of sites assigned to the University shall be under the direction and control of the President. Sites assigned to a campus of the University shall be subject to the following regulations on use of facilities. Sites assigned to the University shall be subject to such regulations except that assignments or waivers provided for in such regulations shall be made by the President.

B. **General Regulations**

1. **Written Permission of the Chancellor** -- University buildings and grounds are intended for use by students, faculty and staff in support of the University's mission of research, instruction and extension. University buildings and grounds may not be used by individuals, groups or organizations not connected with the University except by written permission of the Chancellor and then, only in accordance with University rules and regulations. Where regulations require direction of the Chancellor, said regulations may be administered by Chancellors's designee(s).

2. **Permits** — Written permits for the temporary use of University grounds, buildings or rooms therein for any purpose other than regularly scheduled classroom work must be secured in advance from the Chancellor.

3. **Religious Services or Groups** -- No advantage shall be given to any religion or religious group.

4. **Requirements** -- All classes, meetings or assemblages and use by individuals of any sort held in University buildings or on University grounds are subject to applicable U.S. and Missouri laws and University requirements, rules and regulations. In addition, it is expected that proper care will be taken of the facility and that simple rules of courtesy, decency and good manners will be observed at all times. Any failure to abide by these requirements may cause the permission for the use of the facility to be withdrawn at any time, or for future permission for use of any University facilities to be denied.

   a. The possession of and discharge of firearms, weapons and explosives on University property including University farms is prohibited except in regularly approved programs or by University

agents or employees in the line of duty.
   b. No University building, or part thereof, or grounds may be
      occupied as living rooms or bedroom except those duly set aside
      for such purposes.
   c. The University reserves the right to set reasonable time, place
      and manner restrictions on all meetings, gatherings or get-
      togethers to assure that the most beneficial use of the buildings
      and grounds of the University is made and that there is no
      interference with the right of students to obtain an education.
   d. The use of University facilities should not imply an endorsement
      of any individual, group or organization and the name of the
      University shall not be identified in any way with the aims,
      policies, programs, products, or opinions of any individual, groups
      or organizations which may meet in University buildings or on
      University grounds in accordance with these regulations.


C. **Use for Classrooms, Laboratories and Office Space**
   1. Assignment of space in University buildings for continuing use by
      division, departments or other units for use as research laboratories,
      offices or other specific purposes will be made by the Chancellor.
   2. Assignment of classrooms and laboratories for scheduled classes and
      examinations will be made on a semester-by-semester basis by the
      Chancellor.
   3. Members of the University faculty, staff or students who are assigned
      office space in a building on the campus, and who have been
      authorized to have a building exterior key, shall be authorized to use
      such assigned office space whenever their work may require such use.

D. **Use by Recognized Student Groups**
   1. In addition to the general rules and procedures, the following rules
      apply to use of University facilities by student groups and individuals.
   2. University buildings and grounds may be utilized and open to the
      public for appropriate activities and programs sponsored by an officially
      recognized student organization, provided that such programs are in
      accordance with the rules and regulations established by the Board of
      Curators for such events, and further, that the organization file a written
      request for approval of the activity or program at least ten days prior to
      the event. The Chancellor is authorized to make an exception to the
      ten day rule in special circumstances.
   3. University buildings or grounds may not be used by student
      organizations or enterprises which declare a dividend among its
      members or from which members derive financial profit; but such
      student organizations or enterprises may use facilities under the same
      conditions as nonstudent groups.
   4. It is recognized that from time to time ad hoc groups or students may
      wish to use University facilities for purposes of meetings for social
      events. Such groups may do so only by written permission of the
      Chancellor.

E. **Use by Non-Student Individuals and Groups**
   1. In addition to the general rules and procedures specified above, the

following rules apply to use of University facilities by non-student individuals and non-student groups; but this section of the regulations does not apply to official University public functions.

2. Persons who are not students or employees of the University, while on University property, are required to abide by University policies and regulations.

3. Persons who are not current students or employees of the University and who are on University property without specific permission or authorization or without an appropriate purpose may be deemed guilty of trespass. A person shall be deemed to be on University property "without specific permission or authorization" from and after such time as they are requested to leave the property. A person shall be deemed to be on University property "without an appropriate purpose" whenever their presence is not reasonably related to the University's educational function, or an approved University related extracurricular activity.

4. Use of available University facilities may be granted to nonstudent groups for meetings, programs and activities:

   a. When the meeting, program and activity is sponsored by or the group is invited by an instructional or administrative division or department as a part of its educational program with the approval of the dean or the appropriate administrative officer of that division or department.

   b. When sponsored by a learned, educational, professional, or scientific society for organizational or educational purposes when recommended by a dean or other appropriate administrative officer.

   c. Other nonaffiliated and nonsponsored groups may make use of the facilities of the University upon written approval of the Chancellor.

5. Affiliated groups, as specified above in Section 110.010 E.4.a and E.4.b may be charged an approved fee.

6. Nonaffiliated, nonsponsored groups, as specified above in Section 110.010 E.4.c will be charged a fee approved by the Chancellor.

7. The Chancellor is authorized to establish specific procedures for scheduling and use of University facilities for all meetings of non-student groups to implement these regulations.

F. **Sales, Solicitation, Collections and Advertising in University Buildings or on University Grounds**

1. The sale of anything, the soliciting of subscriptions or the collection of dues is prohibited in the University buildings and upon University grounds without prior authorization of the Chancellor.

2. Recognized student organizations may not solicit subscriptions or collect dues from prospective students or guests of the University when such guests are in University buildings or on University grounds.

G. **Cleaning and Decorations**

1. **Cleaning** — All debris must be removed from buildings and premises immediately following an event by the organization concerned. In case extraordinary cleaning is necessary by the University, the cost of such work shall be paid by the organization creating such a necessity. Any

damage to a building or a loss of University owned material or equipment resulting from the use of a building by any organization shall likewise be charged to the responsible organization.

2. **Approval** -- No decorations shall be permitted in or on University buildings or grounds except as approved by the Business Officer.

3. **Fees** -- With the approval of the Chancellor, the Business Officer may establish an appropriate fee for use of University buildings by groups.

4. Any rules and regulations not in conformity herewith are hereby repealed.

H. **University Equipment**

1. **Use of Equipment** -- The use of University equipment by individuals or organizations for activities not directly connected with the University of Missouri shall be prohibited and no loan of University equipment shall be made to any individual or organization except where reciprocal use of property is involved such as the exchange of chairs between the University of Missouri and Stephens College.

2. **Equipment to Remain on Property** -- No University equipment may be taken from University property except where such equipment is to be used in the line of official duty.

**Print**  (javascript:window.print())



Request Word Doc for Board Action Only
-Internal use only-

(mailto:CRRrequest@umsystem.edu&subject=Request%20Word%20Doc%20for%20Board%20Action&body=Plea

Next Rule: 110.015 Facilities Needs Funding and Reporting

(https://www.umsystem.edu/ums/rules/collected_rules/facilities/ch110/110.015_facilities_needs_funding_and_reporting)

Previous Rule: 110.005 Acceptable Use Policy (https://www.umsystem.edu/ums/rules/collected_rules/facilities/ch110/110.005_acceptable_use_policy)

| Report: CZR0026 | 21ST JUDICIAL CIRCUIT<br>ST LOUIS COUNTY<br>CIRCUIT COURT DOCKET SHEET | Date: 26-Jul-2016<br>Time: 2:37:28PM<br>Page: 1 |
|---|---|---|

| 16SL-CC01581 | RICHARD HERSHEY V THE CURATORS OF<br>THE UNIVER ET AL | Security Level: 1 Public |
|---|---|---|

| Case Type: | CC Other Miscellaneous Actions | Case Filing Date: | 28-Apr-2016 |
|---|---|---|---|
| Status: | Pet Filed in Circuit Ct | | |
| Disposition: | | Disposition Date: | |

| | | Release/Status<br>Change Date | Reason |
|---|---|---|---|
| Judge | **ELLEN LEVY SIWAK (38528)** | | |
| Plaintiff | **RICHARD HERSHEY (@1066944)** | | |
|   Attorney for Plaintiff |    ROBERT HERMAN (32376) | | |
| Defendant | **THE CURATORS OF THE UNIVERSITY OF<br>MISSOURI (@1066947)** | | |
| Defendant | **MICHAEL A MIDDLETON (@1066948)** | | |
| Defendant | **HENRY C FOLEY (@1066950)** | | |
| Defendant | **THOMAS F GEORGE (@1066951)** | | |
| Defendant | **DONALD L CUPPS (@1066952)** | | |
| Defendant | **MAURICE B GRAHAM (@1066953)** | | |
| Defendant | **PAMELA Q HENDRICKSON (@1066957)** | | |
| Defendant | **JOHN R PHILLIPS (@1066959)** | | |
| Defendant | **PHILLIP H SNOWDEN (@1066960)** | | |
| Defendant | **DAVID L STEELMAN (@1066961)** | | |
| Defendant | **NATHAN SANCHEZ (@1066962)** | | |
| Defendant | **JACOB CLIFFORD (@1066965)** | | |
| Defendant | **BUDDY ANLIKER (@1066967)** | | |
| Defendant | **JOHN DOE (@1066968)** | | |
| Defendant | **BENARD DIGGS (@1066975)** | | |

| Filing Date | Description |
|---|---|
| 25-Apr-2016 | **Judge Assigned**<br>  DIV 11<br>**Pet Filed in Circuit Ct**<br>  Petition; Exhibit 1; Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5.<br>**Note to Clerk eFiling**<br>  **Filed By:** ROBERT HERMAN<br>**Filing Info Sheet eFiling**<br>  **Filed By:** ROBERT HERMAN |
| 28-Apr-2016 | **Order**<br>  Motion and Order Preserving Original Filing Date of Petition.<br>  SO ORDERED:  JUDGE MAURA B. MCSHANE, DIV 2, APRIL 28, 2016<br>  **Filed By:** ROBERT HERMAN<br>  **On Behalf Of:** RICHARD HERSHEY |
| 02-May-2016 | **Judge/Clerk - Note**<br>  MISSING $36.00 PER DEFENDANT ST. LOUIS COUNTY SHERIFF'S SERVICE FEE.<br>  PLEASE SUBMIT A NOTICE OF FILING FOR SERVICE FEE ALONG WITH PAYMENT.<br>  SUMMONS NOT ISSUED.<br>**Summons Issued-Circuit** |

| Report: CZR0026 | 21ST JUDICIAL CIRCUIT | Date: 26-Jul-2016 |
|---|---|---|
| | ST LOUIS COUNTY | Time: 2:37:28PM |
| | CIRCUIT COURT DOCKET SHEET | Page: 2 |

Case continued from previous page.

| 16SL-CC01581 | RICHARD HERSHEY V THE CURATORS OF<br>THE UNIVER ET AL | Security Level: 1 Public |
|---|---|---|

Document ID: 16-SMCC-3111, for THE CURATORS OF THE UNIVERSITY OF MISSOURI.
Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

### Summons Issued-Circuit
Document ID: 16-SMCC-3113, for MIDDLETON, MICHAEL A.
Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

### Summons Issued-Circuit
Document ID: 16-SMCC-3114, for FOLEY, HENRY C.
Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

### Summons Issued-Circuit
Document ID: 16-SMCC-3115, for CUPPS, DONALD L.
Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

### Summons Issued-Circuit
Document ID: 16-SMCC-3116, for GRAHAM, MAURICE B.
Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

### Summons Issued-Circuit
Document ID: 16-SMCC-3118, for HENDRICKSON, PAMELA Q.

### Summons Issued-Circuit
Document ID: 16-SMCC-3119, for PHILLIPS, JOHN R.
Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

### Summons Issued-Circuit
Document ID: 16-SMCC-3120, for SNOWDEN, PHILLIP H.
Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

### Summons Issued-Circuit
Document ID: 16-SMCC-3121, for STEELMAN, DAVID L.
Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

### Summons Issued-Circuit
Document ID: 16-SMCC-3122, for SANCHEZ, NATHAN.
Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

### Summons Issued-Circuit
Document ID: 16-SMCC-3123, for CLIFFORD, JACOB.
Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

Report: CZR0026

**21ST JUDICIAL CIRCUIT**
**ST LOUIS COUNTY**
**CIRCUIT COURT DOCKET SHEET**

Date: 26-Jul-2016
Time: 2:37:28PM
Page: 3

Case continued from previous page.

| 16SL-CC01581 | RICHARD HERSHEY V THE CURATORS OF THE UNIVER ET AL | Security Level: 1 Public |
|---|---|---|

**02-May-2016** **Summons Issued-Circuit**
Document ID: 16-SMCC-3124, for ANLIKER, BUDDY.
Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Summons Issued-Circuit**
Document ID: 16-SMCC-3125, for DOE, JOHN.
Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**09-Jun-2016** **Amended Motion/Petition Filed**
Amended Petition; Exhibit 1; Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5.
**Filed By:** ROBERT HERMAN
**On Behalf Of:** RICHARD HERSHEY

**17-Jun-2016** **Order Granting Leave**
Leave Granted to Amned Petition
SO ORDERED: JUDGE ELLEN LEVY SIWAK

**28-Jun-2016** **Request Filed**
Request for Issuance of Summons.
**Filed By:** ROBERT HERMAN
**On Behalf Of:** RICHARD HERSHEY

**29-Jun-2016** **Alias Summons Issued**
Document ID: 16-SMCC-4883, for GEORGE, THOMAS F.   Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Alias Summons Issued**
Document ID: 16-SMCC-4884, for DIGGS, BENARD. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**05-Jul-2016** **Notice of Service**
Notice of Acceptance of Service.
**Filed By:** ROBERT HERMAN
**On Behalf Of:** RICHARD HERSHEY